**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **HAIR CLUB FOR MEN, LLC,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 1:16-CV-236 LOG/JFA** |
| **LAILUMA EHSON, et al.,** | |
| **Defendants.** | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Pursuant to Local Rule 51 and the Court's Rule 16(b) Scheduling Order, Plaintiff Hair Club for Men, LLC, by and through counsel, submits the following Proposed Jury Instructions for use at trial in this matter. Hair Club reserves its right to amend, withdraw, or supplement these Proposed Jury Instructions in light of the arguments and evidence presented at trial.

## I. **General Preliminary Instructions**

Plaintiff's Proposed Jury Instruction No. 1:

Opening Instruction

We are about to begin the trial of the case you heard about during the jury selection. Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

During the trial, you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. The party who sues is called the plaintiff. In this action, the plaintiff is Hair Club for Men, LLC, also known as "Hair Club." The parties being sued are called the defendants. In this action, the defendants are Lailuma Ehson and Illusion Day Spa, LLC, also known as just "Illusion."

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court."

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received into evidence," I mean that the particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented. Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses. During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else. In addition, you should not permit anyone to discuss the case in your presence.

From time to time during the trial, I may make rulings on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence the lawyer believes is not admissible. You should not be biased or partial against a lawyer or the lawyer's client because the lawyer has made objections. If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or

conclusions from the question. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other.

The lawyers are not allowed to speak with you during this case. When you see the lawyers at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure. Sometimes, you may be excused from the courtroom during these discussions. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.[1]

---

[1] Authority: K. O'Malley, J. Grenig, W. Lee, Federal Jury Practice and Instructions (Civil) § 101.01 (6th ed. 2016) ("Federal Jury Practice and Instructions").

Plaintiff's Proposed Jury Instruction No. 2:

Order of Trial

The case will proceed as follows:

First, the lawyers for each side may make opening statements. What is said in the opening statements is not evidence, but is simply an outline or summary to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After the opening statements, the plaintiff will present evidence in support of the plaintiff's claims and the defendants' lawyer may cross-examine the witnesses. At the conclusion of the plaintiff's case, the defendants may introduce evidence and the plaintiff's lawyer may cross-examine the witnesses. The defendants are not required to introduce any evidence or to call any witnesses. If the defendants introduce evidence, the plaintiff may then present rebuttal evidence.

After the evidence is presented, the parties' lawyers will make closing arguments explaining what they believe the evidence has shown. What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.[2]

---

[2] Authority: Federal Jury Practice and Instructions, § 101.02.

Plaintiff's Proposed Jury Instruction No. 3:

Claims at Issue

Hair Club has brought suit against Ms. Ehson for violating a contract that prohibited Ms. Ehson, a former Hair Club employee, from competing directly with Hair Club during, and for a period of time after, her employment with Hair Club. Hair Club has already established that its non-competition contract with Ms. Ehson was valid, and that Ms. Ehson violated her contract by opening up a competing business while she was employed with Hair Club and servicing Hair Club's customers at her competing business both during and after her employment ended.

It is important for you to understand that I have already determined that Hair Club has proven its breach of contract claim against Ms. Ehson. That means that you will not decide in this case whether Ms. Ehson breached her contract with Hair Club. You should not form any opinion about whether or not you believe Ms. Ehson breached her contract, and you should not second guess my decision. You are to accept my finding that Ms. Ehson breached her contract with Hair Club and is therefore liable to Hair Club for that breach. The only issue that you must now decide is how much Ms. Ehson has injured or "damaged" Hair Club by breaching her contract. You will be responsible for calculating the amount of injury, or "damages," that Hair Club should receive because Ms. Ehson breached her contract.

Hair Club also has brought suit against Ms. Ehson for breaching the fiduciary duty of loyalty that she owed to Hair Club by virtue of being an employee. I have already determined that Hair Club has proven its claim that Ms. Ehson breached her fiduciary duty of loyalty. You will not decide in this case whether Ms. Ehson breached her fiduciary duty of loyalty to Hair Club because I have already determined that she did. Again, you should not form any opinion about whether or not you believe Ms. Ehson breached her fiduciary duty of loyalty, and you should not second guess my decision. You are to accept my finding that Ms. Ehson breached her fiduciary duty of loyalty to Hair Club and is therefore liable to Hair Club for that breach. The only issue that you must now decide is how much Ms. Ehson has injured or "damaged" Hair Club by breaching her fiduciary duty of loyalty. You will be responsible for calculating the amount of injury, or "damages," that Hair Club should receive because Ms. Ehson breached her fiduciary duty of loyalty.

Hair Club also claims that Ms. Ehson and Illusion wrongfully interfered with Hair Club's contracts and business expectancies with its clients by diverting Hair Club's clients away from Hair Club and soliciting them to receive hair replacement services at Illusion. The Court has already reached a determination as to some parts of this claim. I will instruct you on the parts, or "elements," of this claim later in these instructions, but for now you should know that I have already decided that Hair Club had valid contracts with its customers and that it could reasonably expect that its customers would keep their contracts and continue to be customers. I have also decided that Ms. Ehson and Illusion knew that Hair Club had these contracts and could expect its customers to keep them. Further, I have decided that Ms. Ehson and Illusion used improper means to intentionally interfere with Hair Club's contracts and expectations with its customers. Again, you should not form any opinions about my decisions or second guess them. What you must now decide is whether Ms. Ehson's and Illusion's interference actually caused damage to

Hair Club; in other words, that Hair Club lost its contracts and business advantage as a result of Ms. Ehson's and Illusion's interference. Hair Club has the burden of establishing this claim by a preponderance of the evidence. I will explain what "burden" and "preponderance of the evidence" mean later in these instructions.

Lastly, Hair Club claims that Ms. Ehson and Illusion misappropriated Hair Club's trade secret and confidential information, including its client information and book of business, its techniques and strategies, and pricing information. Ms. Ehson and Illusion deny this claim. Hair Club has the burden of establishing this claim by a preponderance of the evidence. I will explain the law applicable to this claim later in these instructions.[3]

---

[3] Authority: Federal Jury Practice and Instructions, §§ 101.03, 104:05; 2-40 Virginia Model Jury Instructions - Civil Instruction No. 40.200; Business Torts Litigation, § 2.5.1; *Maximus, Inc. v. Lockheed Info. Mgmt. Sys. Co.*, 493 S.E.2d 375, 378 (Va. 1997); *Williams v. Dominion Tech. Partners, L.L.C.*, 576 S.E.2d 752, 757 (Va. 2003).

Plaintiff's Proposed Jury Instruction No. 4:

Province of Judge and Jury

After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision. You will determine the facts from all the testimony and other evidence that is presented. You are the sole and exclusive judge of the facts. I must stress that you must accept the rules of law that I give you, whether or not you agree with them.

The law permits me to comment on the evidence in the case during the trial or while instructing the jury. Such comments are only expressions of my opinion as to the facts. You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.[4]

---

[4] Authority: Federal Jury Practice and Instructions, § 101.10.

Plaintiff's Proposed Jury Instruction No. 5

Determinations as a Matter of Fact

It is the Court's duty to decide legal issues, and the jury's duty to decide factual issues.  That means that you must listen to the evidence and decide which facts you believe, and make a determination based on what you believe to be the true facts.

As you have heard, I have already determined for legal reasons that Ms. Ehson breached her non-compete contract with Hair Club and her fiduciary duty of loyalty to Hair Club.  This means that there were no factual issues related to those claims for you the jury to decide.  As a result, it is already established that Ms. Ehson is liable to Hair Club for breaching her contract and her fiduciary duty of loyalty.  It is not your duty to decide Ms. Ehson's liability on those two claims because that has already been determined.  Rather, it is your duty to listen to the facts and determine the extent of Ms. Ehson's liability to Hair Club, i.e. damages.

The Court, however, has not reached a determination as to Hair Club's claim that Ms. Ehson misappropriated its trade secrets and confidential information.  This does not mean that Hair Club has not or cannot succeed on that claim.  It simply means that there were factual issues related to that claim, which are the jury's, and not the Court's, duty to decide.  The fact that the Court did not decide those claims prior to this trial should have no bearing whatsoever on your decision as to whether or not that claim has been established.

With respect to Hair Club's claim that the Defendants wrongfully interfered with its contracts and business advantage, the Court has reached a determination as to some elements of that claim, including that Hair Club had valid contracts with its customers and a reasonable expectation that they would remain customers, that Ms. Ehson and Illusion knew about Hair Club's contracts and expectations, and that Ms. Ehson and Illusion used improper means to interfere with Hair Club's contracts and expectations. The only element that the Court has not decided is causation.  Thus, what you must decide is whether Ms. Ehson's and Illusion's interference with Hair Club's contracts and business expectancies caused Hair Club to suffer damages, including lost income and profits.  Again, you should not consider the fact that the Court has not made a decision regarding causation in reaching your decision.  As I previously explained, the Court can decide certain legal issues, but there are factual issues remaining that it is your duty to decide.[5]

---

[5] Authority: *Hair Club for Men, LLC v. Ehson, et al.*, No. 1:16-cv-236, 2016 WL 4577019 (E.D. Va. Aug. 31, 2016); Fed. R. Civ. P. 56; Federal Jury Practice and Instructions, § 101.10.

Plaintiff's Proposed Jury Instruction No. 6:

Jury Conduct

To ensure fairness, you must obey the following rules:

1. Do not talk to each other about this case, or about anyone involved with this case, until the end of the trial when you go to the jury room to decide on your verdict.

2. Do not talk with anyone else about this case, or about anyone involved with this case, until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell people you are a juror, but do not tell them anything else about the case.

3. Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it, until the trial has ended. If someone should try to talk to you about the case during the trial, please report it to me immediately.

4. During the trial, you should not talk with or speak to any of the parties, lawyers, or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

5. Do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case, or about anyone involved with it.

6. Do not do any research, such as checking dictionaries, or make any investigation about the case on your own.

7. Do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence.

8. If you need to tell me something, simply give a signed note to the clerk to give to me.[6]

---

[6] Authority: Federal Jury Practice and Instructions, § 101.11.

Plaintiff's Proposed Jury Instruction No. 7:

Juror Use of Electronic Technology

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that, during the trial, you must not conduct any independent research about this case, the matters in the case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the Internet, websites, blogs, or use any other electronic tools to obtain information about this case, or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

I know that many of you use cell phones, Blackberries, the Internet, and other tools of technology. You must not use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, including Facebook, Google+, My Space, LinkedIn, or YouTube. You may not use any similar technology of social media, even if I have not specifically mentioned it here. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.[7]

---

[7] Authority: Federal Jury Practice and Instructions, § 101.13.

Plaintiff's Proposed Jury Instruction No. 8:

Bench Conferences

From time to time, it may be necessary for me to talk to the lawyers out of your range of hearing. The purpose of these conferences is to decide how certain matters are to be treated under the rules of evidence. The lawyers and I will do what we can to limit the number and length of these conferences.[8]

---

[8] Authority: Federal Jury Practice and Instructions, § 101.31.

Plaintiff's Proposed Jury Instruction No. 9:

Evidence in the Case

The evidence in the case will consist of the following:

1. The sworn testimony of the witnesses, no matter who called a witness.

2. All exhibits received in evidence, regardless of who may have produced the exhibits.

3. All facts that may have been judicially noticed, and that you must take as true for purposes of this case.

Depositions may also be received in evidence. Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions. Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between both sides that certain facts are true. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited to the statements of the witness. In other words, you are not limited solely to what you see and hear as the witnesses testified. You may draw from the facts that you find have been proved, such reasonable inferences or conclusions as you feel are justified in light of your experience.

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.[9]

---

[9] Authority: Federal Jury Practice and Instructions, § 101.40.

Plaintiff's Proposed Jury Instruction No. 10:

Burden of Proof

When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.[10]

---

[10] Authority: Federal Jury Practice and Instructions, § 101:41.

Plaintiff's Proposed Jury Instruction No. 11:

Direct and Circumstantial Evidence

"Direct evidence" is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.[11]

---

[11] Authority: Federal Jury Practice and Instructions, § 101:42.

Plaintiff's Proposed Jury Instruction No. 12:

Credibility of a Witness

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness's opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness's memory; the witness's appearance and manner while testifying; the witness's interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness's testimony; and the reasonableness of the witness's testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.[12]

---

[12] Authority: Federal Jury Practice and Instructions, § 101:43.

Plaintiff's Proposed Jury Instruction No. 13:

What Is Not Evidence

In deciding the facts of this case, you are not to consider the following as evidence: statements and arguments of the lawyers, questions and objections of the lawyers, testimony or comments that I instruct you to disregard, and anything you may see or hear when the court is not in session, even if what you see or hear is done or said by one of the parties or by one of the witnesses.[13]

---

[13] Authority: Federal Jury Practice and Instructions, § 101:44.

Plaintiff's Proposed Jury Instruction No. 14:

Rulings on Objections

When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side believes the question or exhibit is not admissible under the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered, or the exhibit received into evidence. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received into evidence.

If I sustain an objection to a question or the admission of an exhibit, you must ignore the question and must not guess what the answer to the question might have been. In addition, you must not consider evidence that I have ordered stricken from the record.[14]

---

[14] Authority: Federal Jury Practice and Instructions, § 101:49.

Plaintiff's Proposed Jury Instruction No. 15:

Use of Interrogatories

Evidence may be presented to you in the form of written answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before this trial in response to written questions.

You must give the answers the same consideration as if the answers were made from the witness stand.[15]

---

[15] Authority: Federal Jury Practice and Instructions, § 102:24.

## II. **General Instructions at the Close of the Evidence**

Plaintiff's Proposed Jury Instruction No. 16:

General Introduction at Close of Evidence

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.[16]

---

[16] Authority: Federal Jury Practice and Instructions, § 103:01.

Plaintiff's Proposed Jury Instruction No. 17:

Juror Communication During Deliberations

During your deliberations, you must not communicate with, or provide any information to, anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, or Twitter to communicate to anyone any information about this case, or to conduct any research about this case, until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.[17]

---

[17] Authority: Federal Jury Practice and Instructions, § 103:04.

Plaintiff's Proposed Jury Instruction No. 18:

All Persons Equal Before the Law

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations and other organizations, stand equal before the law, and are to be treated as equals.[18]

---

[18] Authority: Federal Jury Practice and Instructions, § 103:12.

Plaintiff's Proposed Jury Instruction No. 19:

Evidence in the Case

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, unless otherwise instructed, you must accept the stipulation and regard that fact as proved.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, unless otherwise instructed, you must accept my declaration as evidence and regard as proved the fact or event that has been judicially noticed.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.[19]

---

[19] Authority: Federal Jury Practice and Instructions, § 103:30.

Plaintiff's Proposed Jury Instruction No. 20:

Consideration of the Evidence, Corporate Party's Agents and Employees

A corporation may act only through natural persons who are its agents or employees. Generally, any agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation or within the scope of their duties as employees of the corporation.[20]

---

[20] Authority: Federal Jury Practice and Instructions, § 103:31.

Plaintiff's Proposed Jury Instruction No. 21:

Burden of Proof—Preponderance of the Evidence

The plaintiff has the burden in a civil action, such as this, to prove every essential element of its claim by a preponderance of the evidence. If the Plaintiff in this action, Hair Club, should fail to establish any essential element of its claim by a preponderance of the evidence, you should find for the Defendants, Ms. Ehson and Illusion, as to that claim.

"Establish by a preponderance of the evidence" means that the evidence, as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means that the evidence supporting a fact, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.[21]

---

[21] Authority: Federal Jury Practice and Instructions, § 104:01.

Plaintiff's Proposed Jury Instruction No. 22:

Direct and Circumstantial Evidence

Generally speaking, there are two types of evidence presented during a trial—direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

The law generally makes no distinction between the weight or value to be given to either direct or circumstantial evidence. A greater degree of certainty is not required of circumstantial evidence. You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.[22]

---

[22] Authority: Federal Jury Practice and Instructions, § 104:05.

Plaintiff's Proposed Jury Instruction No. 23:

Charts and Summaries

Charts and summaries have been shown to you in order to help explain facts disclosed by books, records, and other documents in evidence in the case. These charts or summaries are not themselves evidence or proof of any facts. If the charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

The charts and summaries are used only as a matter of convenience. To the extent that you find they are not truthful summaries of facts or figures shown by the evidence in the case, you are to disregard them entirely.[23]

---

[23] Authority: Federal Jury Practice and Instructions, § 104:50.

Plaintiff's Proposed Jury Instruction No. 24:

Inferences

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. You may draw from the facts you find have been provided such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.[24]

---

[24] Authority: Federal Jury Practice and Instructions, § 104:20.

Plaintiff's Proposed Jury Instruction No. 25:

Expert Witnesses

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. There is an exception to this rule for "expert witnesses." An expert witness is a person who, by education and experience, has become expert in some art, science, profession, or calling. Expert witnesses state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's opinion is outweighed by other evidence, you may disregard the opinion entirely.[25]

---

[25] Authority: Federal Jury Practice and Instructions, § 104:40.

Plaintiff's Proposed Jury Instruction No. 26:

Number of Witnesses

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds a belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.[26]

---

[26] Authority: Federal Jury Practice and Instructions, § 104:54.

Plaintiff's Proposed Jury Instruction No. 27:

Answers to Interrogatories

A party has introduced into evidence certain interrogatories—that is, questions together with answers signed and sworn to by the other party. A party is bound by its sworn answers.

By introducing an opposing party's answers to interrogatories, the introducing party does not bind itself to those answers. The introducing party may challenge the opposing party's answers in whole or in part or may offer contrary evidence.[27]

---

[27] Authority: Federal Jury Practice and Instructions, § 104:72.

Plaintiff's Proposed Jury Instruction No. 28:

Impeachment—Inconsistent Statement or Conduct

A witness may be discredited or impeached by contradictory evidence or by evidence that, at some other time, the witness has said or done something, or has failed to say or do something that is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness's other testimony, and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.[28]

---

[28] Authority: Federal Jury Practice and Instructions, § 105:04.

## III. **Substantive Instructions**

Plaintiff's Proposed Jury Instruction No. 29:

Introduction to Claims at Issue in this Case

As I explained at the beginning of the trial, Hair Club has brought suit against Ms. Ehson and Illusion asserting four claims:  (1) that Ms. Ehson breached her non-compete contract with Hair Club; (2) that Ms. Ehson breached her fiduciary duty of loyalty to Hair Club; (3) that Ms. Ehson and Illusion wrongfully interfered with Hair Club's contracts and business advantage with its clients; and (4) that Ms. Ehson and Illusion misappropriated Hair Club's trade secrets and confidential information.

To reiterate, I have already held that Ms. Ehson breached her contract with Hair Club as well as her fiduciary duty of loyalty by opening up a competing business with Hair Club and servicing Hair Club's clients while she was still employed by Hair Club and after her employment ended. As a result, Ms. Ehson's liability as to these two claims has been established. You, the jury, are only responsible for calculating damages related to these two claims.

In addition, I have already held that Ms. Ehson and Illusion used improper means to intentionally interfere with Hair Club's contracts and business expectancies with its customers.  I have also held that Hair Club suffered damages in the form of lost income and profits.  It is your duty to determine whether Ms. Ehson's and Illusion's improper interference was the cause of the damages that Hair Club has suffered.

Lastly, you must decide whether Ms. Ehson and Illusion misappropriated Hair Club's trade secret and confidential information, including its client information and book of business, techniques and strategies, and pricing information[29]

---

[29] Authority: Federal Jury Practice and Instructions, §§ 101.03, 104:05; Authority: 2-40 Virginia Model Jury Instructions - Civil Instruction No. 40.200; Business Torts Litigation, § 2.5.1; *Maximus, Inc. v. Lockheed Info. Mgmt. Sys. Co.*, 493 S.E.2d 375, 378 (Va. 1997); *Williams v. Dominion Tech. Partners, L.L.C.*, 576 S.E.2d 752, 757 (Va. 2003); *Hair Club for Men, LLC v. Ehson, et al.*, No. 1:16-cv-236, 2016 WL 4577019 (E.D. Va. Aug. 31, 2016).

Plaintiff's Proposed Jury Instruction No. 30:

Damages Related to Ms. Ehson's Breach of the Non-Compete Agreement

Paragraph 3(a) of Ms. Ehson's Confidentiality, Non-Solicitation, and Non-Compete Agreement prohibited Ms. Ehson, for a period of two years after the termination of her employment with Hair Club, from engaging in the business of hair replacement, on her own account or by becoming interested in such a business directly or indirectly, within a radius of 20 miles of any Hair Club center operated by Hair Club or any of Hair Club's franchises or affiliates.

This Court has already determined that (1) Paragraph 3(a) of Ms. Ehson's Confidentiality, Non-Solicitation, and Non-Compete Agreement is a valid and legally enforceable obligation that Ms. Ehson owed to Hair Club; (2) Ms. Ehson breached her contract with Hair Club by opening a competing hair salon, Illusion Day Spa, and providing hair replacement services; and (3) Ehson's breach resulted in injury or damage to Hair Club. You, the jury, are only responsible for calculating damages related to this claim.

As a result of Ms. Ehson's breach, Hair Club is entitled to recover as damages all of the losses it sustained, including gains prevented, that are a natural and ordinary result of the breach, and that it has proved by the greater weight of the evidence. Loss of prospective profits are recoverable when the prospective profits are the direct and proximate result of the breach and they are proven with a reasonable degree of certainty.[30]

---

[30] Authority: 2-45 Virginia Model Jury Instructions - Civil Instruction No. 45.500; *Banks v. Mario Indus. of Virginia, Inc.*, 650 S.E.2d 687, 696 (Va. 2007); *Filak v. George*, 594 S.E.2d 610, 614 (Va. 2004); *Hair Club for Men, LLC v. Ehson, et al.*, No. 1:16-cv-236, 2016 WL 4577019 (E.D. Va. Aug. 31, 2016).

Plaintiff's Proposed Jury Instruction No. 31:

Burden of Proof as it Relates to Damages Related to Ms. Ehson's Breach of the Non-Compete Agreement

The law distinguishes between the measure of proof necessary to establish the fact that Hair Club sustained an injury and that which is required to enable you to fix the amount of that damage. The fact of injury by reason of an alleged violation must be established by a preponderance of the evidence. This is a higher or stricter degree of proof than is required in proving the amount of damages. In proving the amount of damages, the law requires only that Hair Club prove such facts as will enable you to arrive at the amount of damages with reasonable certainty.

Hair Club seeks compensatory damages in the form of lost profits. Hair Club is not required to prove the exact amount of its damages, but must show sufficient facts and circumstances to permit you to make a reasonable estimate of them. If Hair Club fails to do so, then it cannot recover.[31]

---

[31] Authority: 2-45 Virginia Model Jury Instructions - Civil Instruction No. 45.510; ABA Model Jury Instructions: Business Torts Litigation 1.5.4 (4th Ed. 2005) ("Business Torts Litigation"); *Saks Fifth Ave. v. James, Ltd.*, 630 S.E.2d 304, 312 (Va. 2006).

Plaintiff's Proposed Jury Instruction No. 32:

Damages Related to Ms. Ehson's Breach of Her Fiduciary Duty of Loyalty

This Court has already determined that (1) Ms. Ehson, as an employee of Hair Club, owed Hair Club a fiduciary duty; (2) Ms. Ehson breached this duty by soliciting Hair Club's clients prior to the termination of her employment; and (3) Hair Club suffered damages resulting from Ms. Ehson's breach.  You, the jury, are only responsible for calculating damages related to this claim.

As a result of Ms. Ehson's breach, Hair Club is entitled to recover as damages all losses actually sustained by Hair Club that are a natural and ordinary result of Ms. Ehson's breach that Hair Club has proven by the greater weight of the evidence.

Hair Club seeks compensatory damages in the form of lost profits.  Hair Club is not required to prove the exact amount of its damages, but must show sufficient facts and circumstances to permit you to make a reasonable estimate of them.  If Hair Club fails to do so, then it cannot recover.[32]

---

[32] Authority: 2-45 Virginia Model Jury Instructions - Civil Instruction No. 45.500, 45.510; *Banks v. Mario Indus. of Virginia, Inc.*, 650 S.E.2d 687, 696 (Va. 2007); *Informatics Applications Grp., Inc. v. Shkolnikov*, 836 F. Supp. 2d 400, 424 (E.D. Va. 2011); *Hair Club for Men, LLC v. Ehson, et al.*, No. 1:16-cv-236, 2016 WL 4577019 (E.D. Va. Aug. 31, 2016).

Plaintiff's Proposed Jury Instruction No. 33:

Punitive Damages Related to Ms. Ehson's Breach of Her Fiduciary Duty of Loyalty

If you find that Hair Club is entitled to be compensated for its damages, and if you further believe by the greater weight of the evidence that Ms. Ehson acted with actual malice toward Hair Club, or acted under circumstances amounting to a willful and wanton disregard of Hair Club's rights, then you may also award punitive damages to Hair Club to punish Ms. Ehson for her actions and to serve as an example to deter her and others from acting in a similar way.

If you award punitive damages, you must state separately in your verdict the amount you allow as compensatory damages and the amount you allow as punitive damages.[33]

---

[33] Authority: 1-9 Virginia Model Jury Instructions - Civil Instruction No. 9.080; *Flippo v. CSC Associates III, LLC*, 262 Va. 48, 58 (2001).

Plaintiff's Proposed Jury Instruction No. 34:

Punitive Damages Related to Ms. Ehson's Breach of Her Fiduciary Duty of Loyalty—Actual Malice

"Actual malice" is a sinister or corrupt motive such as hatred, personal spite, ill will, or a desire to injure the plaintiff.[34]

---

[34] Authority: 1-9 Virginia Model Jury Instructions - Civil Instruction No. 9.090.

Plaintiff's Proposed Jury Instruction No. 35:

Wrongful Interference with Contract and Business Advantage—Prima Facie Case

Hair Club must prove certain elements in order to succeed on its wrongful interference with contract and business advantage claim.  This Court has already determined: (1) the existence of a contract expectancy, prospective business relationship, or economic advantage between Hair Club and its customers; (2) knowledge of the contract expectancy, prospective business relationship, or economic advantage by Ms. Ehson and Illusion; (3) that Ms. Ehson used improper means or methods to intentionally interfere with the contract expectancy, prospective business relationships, and economic advantage by using her position as a stylist at Hair Club to obtain the personal contact information of Hair Club's clients—in clear violation of Hair Club policy; using confidential information about the clients to provide a similar, but far less expensive, service to Hair Club's clients; and by breaching her fiduciary duty of loyalty to Hair Club; and (4) that Hair Club suffered damages in the form of lost income and profits.

The only element that remains is causation.  Thus, you, the jury, must determine whether Ms. Ehson or Illusion were responsible for preventing Hair Club from continuing its relationship with its customers.  In other words, you must decide whether, except for the interference of Ms. Ehson or Illusion, Hair Club was reasonably certain to have fulfilled the expectancy with its customers.

Hair Club claims that Defendants intentionally interfered with an economic relationship between it and each of the following individuals:

- Ali Sadaat;
- Charles Fitch;
- Damian Ruth;
- Denver Madden;
- John Sigillito;
- Laura Ley;
- Musa Nazary;
- Robert Soltani;
- Shafat Quadri;
- Thomas Fungwe;
- Tony Batts;
- Alan Wong;
- Armando Castro;
- Debra Hesebek;
- Dan Tefera;
- Gregory Manatan;
- Ijaz Benhusen;
- Ibis Rivera;
- Jennifer McNeal;
- Malika Chareq;
- Mayis Patatanian;

- Sudhakar Tammireddi;
- Sylvia Lindsey; and
- Zakir Chowdhury.[35]

---

[35] Authority: 2-40 Virginia Model Jury Instructions - Civil Instruction No. 40.200; Business Torts Litigation, § 2.5.1; *Maximus, Inc. v. Lockheed Info. Mgmt. Sys. Co.*, 493 S.E.2d 375, 378 (Va. 1997); *Williams v. Dominion Tech. Partners, L.L.C.*, 576 S.E.2d 752, 757 (Va. 2003); *Hair Club for Men, LLC v. Ehson, et al.*, No. 1:16-cv-236, 2016 WL 4577019 (E.D. Va. Aug. 31, 2016).

Plaintiff's Proposed Jury Instruction No. 36:

Wrongful Interference with Contract and Business Advantage—Finding Instruction

You shall find your verdict for Hair Club if Hair Club has proven by the greater weight of the evidence that it was reasonably certain that the business relationship would have continued in the absence of Ms. Ehson's or Illusion's conduct.

You shall find your verdict for the Defendants if Hair Club failed to prove that element.[36]

---

[36] Authority: 2-40 Virginia Model Jury Instructions - Civil Instruction No. 40.250.

Plaintiff's Proposed Jury Instruction No. 37:

Wrongful Interference with Contract and Business Advantage—Compensatory Damages

If, after considering the evidence in this case and the instructions of the Court, you should find the issues in favor of Hair Club, then it is my duty to tell you what damages Hair Club would be entitled to recover. It would be such a sum as you believe, from the evidence, will fairly and reasonably compensate Hair Club for any damage it has suffered by reason of Ms. Ehson's or Illusion's acts complained of and for the anticipated profits of which Hair Club was deprived, provided they are of such a nature to be beyond the speculative stage.

In determining compensatory damages, you may consider whether Hair Club suffered any measureable loss of profits as a result of Ms. Ehson's or Illusion's conduct. In this case, Hair Club claims that its business was affected because of loss of profits that Hair Club might have earned but for Ms. Ehson's or Illusion's conduct.

Although a qualified person may make estimates concerning probable profits or losses of a going business, you should, in weighing all such evidence, take into consideration, among other things, the truth or falsity of the basis of such estimates; the knowledge or lack of knowledge of the witnesses of all of the conditions on which the estimate is based; whether the facts assumed as a basis for an estimate rest upon actual accounts and records kept in the ordinary course of business rather than in uncertain recollections; and knowledge of the witness in the particular line of business about which the witness testifies.  From all of the evidence in this case bearing on the subject, you should determine for yourselves the probability or improbability, and the amount, of profits anticipated by the Plaintiff.

The difficulty or uncertainty in ascertaining or measuring the precise amount of damages does not preclude recovery, and you, the jury, should use your best judgment in determining the amount of such damages, if any, based upon the evidence.[37]

---

[37] Authority: Business Torts Litigation, § 2.10.2.

Plaintiff's Proposed Jury Instruction No. 38:

Wrongful Interference with Contract and Business Advantage—Punitive Damages

If you find that Hair Club is entitled to be compensated for its damages, and if you further believe by the greater weight of the evidence that Defendants acted with actual malice toward Hair Club, or acted under circumstances amounting to a willful and wanton disregard of Hair Club's rights, then you may also award punitive damages to Hair Club to punish Defendants for their actions and to serve as an example to deter them and others from acting in a similar way.

If you award punitive damages, you must state separately in your verdict the amount you allow as compensatory damages and the amount you allow as punitive damages.[38]

---

[38] Authority: 1-9 Virginia Model Jury Instructions - Civil Instruction No. 9.080; *Simbeck, Inc. v. Dodd Sisk Whitlock Corp.*, 508 S.E.2d 601 (Va. 1999).

Plaintiff's Proposed Jury Instruction No. 39:

Punitive Damages Related to Defendants' Wrongful Interference with Contract and Business Advantage —Actual Malice

"Actual malice" is a sinister or corrupt motive such as hatred, personal spite, ill will, or a desire to injure the plaintiff.[39]

---

[39] Authority: 1-9 Virginia Model Jury Instructions - Civil Instruction No. 9.090.

Plaintiff's Proposed Jury Instruction No. 40:

Misappropriation of Trade Secrets and Confidential Information—Prima Facie Case

In order to recover on its misappropriation of trade secrets and confidential information claim, Hair Club must prove each of the following elements by a preponderance of the evidence: (1) the existence of a trade secret or confidential information, and (2) its misappropriation by either or both Defendants. I will go over each of these elements more specifically in the following instructions.

If, after you consider all of the evidence, you find that Hair Club has proven each of these elements in accordance with the legal requirements as I describe them to you, then your verdict must be for Hair Club, and you will consider the amount of monetary damages to be awarded to Hair Club by following the instructions that I will give you relating to damages.

If, on the other hand, you find that Hair Club has not proven one or more of these elements, then your verdict must be for the Defendants.[40]

---

[40] Authority: Business Torts Litigation, § 8.2; *Collelo v. Geographic Servs., Inc.,* 727 S.E.2d 55, 60 (Va. 2012); Va. Code Ann. § 59.1-336.

Plaintiff's Proposed Jury Instruction No. 41:

Misappropriation of Trade Secrets and Confidential Information—Trade Secret Defined

Before you consider Ms. Ehson's and Illusion's actions, you must find that Hair Club possessed a trade secret. Broadly speaking, a trade secret may consist of any formula pattern, compilation, program, device, method, techniques, or process, including a customer list.

However, to prove that particular information is entitled to special protection as a "trade secret," Hair Club must show that: (1) the information derives independent economic value; (2) from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (3) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

In this case, Hair Club alleges the following three types of information warrant trade secret protection:

- Hair Club's client information and book of business;
- Hair Club's hair replacement techniques and strategies; and
- Hair Club's pricing information.[41]

---

[41] Authority: Va. Code Ann. § 59.1-336; Business Torts Litigation, § 8.3; *Fidelity Global Brokerage Grp., Inc. v. Gray*, No. 1:10CV1255, 2010 WL 4646039, at *2 (E.D. Va. Nov. 9, 2010).

Plaintiff's Proposed Jury Instruction No. 42:

Misappropriation of Trade Secrets and Confidential Information—Independent Economic Value

A trade secret must be valuable either to Hair Club or to its business rivals in the sense that, as long as it is a secret, the information provides Hair Club with an actual or potential competitive business advantage over its rivals. To help you determine whether Hair Club enjoyed either an actual or potential competitive advantage, you may consider such things as: (1) the degree to which the information was generally known or readily ascertainable by others; (2) the extent to which Hair Club used or uses the information in its business; (3) whether the information allows Hair Club to earn increased profits or operate its business more efficiently; (4) what gain or benefits Ms. Ehson's and Illusion's business obtained from the information; (5) what money, effort, and time Hair Club expended to develop the information; and (6) the ease or difficulty of acquiring or duplicating the information through independent economic development, research, or publicly available information, or taking apart and analyzing a product properly acquired to learn its secrets.

For a trade secret to have economic value, it must not be readily ascertainable through legitimate means. If a competitor could easily discover the information legitimately, then the information is considered public or is of de minimis economic value.[42]

---

[42] Authority: Business Torts Litigation, § 8.3.3; Va. Code Ann. § 59.1-336; *MicroStrategy Inc. v. Bus. Objects, S.A.*, 331 F. Supp. 2d 396, 416-17 (E.D. Va. 2004).

Plaintiff's Proposed Jury Instruction No. 43:

Misappropriation of Trade Secrets and Confidential Information—Generally Known

In order to constitute a trade secret, information must derive independent economic value from not being generally known. Information that is generally known cannot be a trade secret. However, Hair Club is not required to maintain absolute secrecy with respect to its information in order for that information to garner trade secret protection. Limited disclosures of information that do not result in the information becoming generally known will not prevent the information from being a trade secret.

Further, a compilation of public facts, or a combination of public facts with trade secrets, can constitute a trade secret if the compilation or combination has itself remained confidential and is not reasonably ascertainable through proper means.[43]

---

[43] Authority: Business Torts Litigation, § 8.3.1; *MicroStrategy Inc. v. Bus. Objects, S.A.*, 331 F. Supp. 2d 396, 416-17 (E.D. Va. 2004); *Dionne v. Se. Foam Converting & Packaging, Inc.*, 397 S.E.2d 110, 113 (Va. 1990); *Decision Insights, Inc. v. Sentia Grp., Inc.*, 416 F. App'x 324 (4th Cir. 2011); Restatement (Third) of Unfair Competition § 39 cmt. f (1995); Va. Code § 59.1-336.

Plaintiff's Proposed Jury Instruction No. 44:

Misappropriation of Trade Secrets and Confidential Information—Reasonable Efforts to Maintain Secrecy

You must determine whether Hair Club's efforts to maintain the secrecy of its information were reasonable under the circumstances. Perfect security is not required. Rather, only "reasonable efforts" must be taken to maintain secrecy.

Mere disclosure of the information does not result in the loss of trade secret status. The secrecy need not be absolute, as the owner of a trade secret may, without losing protection, disclose it to a licensee, an employee, or a stranger, if the disclosure is made in confidence, express or implied.

Factors you may wish to consider in evaluating whether "reasonable measures" were taken could include the following:

- Whether Hair Club made it a practice to inform its employees or others involved with its business that the information was a trade secret and/or was to be kept confidential;
- Whether Hair Club required its employees or others involved with its business to sign confidentiality agreements regarding the information or agreements not to compete in areas that could use the information;
- Whether Hair Club restricted access to the information on a "need to know" basis; and
- Whether Hair Club generally maintained tight security to protect the alleged trade secret, and did not voluntarily disclose it to others, except in confidence.[44]

---

[44] Authority: Business Torts Litigation, § 8.3.2; *MicroStrategy Inc. v. Bus. Objects, S.A.*, 331 F. Supp. 2d 396, 416 (E.D. Va. 2004); Va. Code Ann. § 59.1-336.

Plaintiff's Proposed Jury Instruction No. 45:

Misappropriation of Trade Secrets and Confidential Information—Misappropriation

If you find that any of Hair Club's alleged trade secrets existed and is entitled to special protection as a "trade secret," you must also determine whether Ms. Ehson or Illusion misappropriated those trade secrets.

The Virginia Uniform Trade Secrets Act sets forth several different types of conduct that constitute "misappropriation." Thus, the term "misappropriation" can mean any of the following:

- First, misappropriation occurs when a Defendant acquires the trade secret of another if the Defendant knew or had reason to know it was acquiring the trade secret through improper means.
- Second, misappropriation also occurs when a Defendant uses or discloses the trade secret of another without express or implied consent if the Defendant used improper means to acquire the trade secret.
- Third, misappropriation also occurs when a Defendant uses or discloses the trade secret of another without express or implied consent if, at the time of use or disclosure, the Defendant knew or had reason to know that the trade secret was derived from or through a person who used improper means to acquire the trade secret.
- Fourth, misappropriation also occurs when a Defendant uses or discloses the trade secret of another without express or implied consent if, at the time of use or disclosure, the Defendant knew or had reason to know that the trade secret was acquired under circumstances giving rise to a duty to maintain the trade secret's secrecy or limit its use.
- Fifth, misappropriation also occurs when a Defendant uses or discloses the trade secret of another without express or implied consent if, at the time of use or disclosure, the Defendant knew or had reason to know that the trade secret was derived from or through a person who owed a duty to the Plaintiff to maintain the trade secret's secrecy or limit its use.
- Sixth, misappropriation also occurs when a Defendant uses or discloses the trade secret of another without express or implied consent if, at the time of use or disclosure, the Defendant knew or had reason to know that the trade secret was acquired by accident or mistake.

Finally, an employer can be liable for trade secret misappropriation committed by an employee acting within the scope of his employment through the doctrine of respondeat superior.[45]  Given that Ms. Ehson is the sole owner of Illusion, if you find that Ms. Ehson has misappropriated Hair Club's trade secret information, then I instruct you that you must find as a matter of law that Illusions also misappropriated Hair Club's trade secret information.

---

[45] Authority: *MicroStrategy Inc. v. Bus. Objects, S.A.*, 331 F. Supp. 2d 396, 417-18 (E.D. Va. 2004); *Newport News Indus. v. Dynamic Testing*, 130 F. Supp. 2d 745, 754 (E.D. Va. 2001); Va. Code Ann. § 59.1-336.

Plaintiff's Proposed Jury Instruction No. 46:

Misappropriation of Trade Secrets and Confidential Information—Improper Means

The phrase "improper means" includes, but is not limited to, theft, bribery, misrepresentation, breach of a duty or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means.[46]

---

[46] Authority: *MicroStrategy Inc. v. Bus. Objects, S.A.*, 331 F. Supp. 2d 396, 416 (E.D. Va. 2004); Va. Code Ann. § 59.1-336.

Plaintiff's Proposed Jury Instruction No. 47:

Misappropriation of Trade Secrets and Confidential Information—Misappropriation by
Modification or Improvement

For misappropriation to occur, a person need not use a trade secret in exactly the form in which
she received it. Misappropriation can occur even if she uses the trade secret with modifications
or improvements effected by her own efforts. Differences in detail do not preclude
misappropriation if the information used by her is derived substantially from another's trade
secret, or if the modification or improvement used by her derived substantially from another's
trade secret.[47]

---

[47] Authority: Restatement of Torts § 757 cmt. c (1939); *Forest Labs., Inc. v. Pillsbury Co.*, 452 F.2d 621, 625 (7th
Cir. 1971); Melvin F. Jager, 1 Trade Secrets Law, § 7.20 (2016).

Plaintiff's Proposed Jury Instruction No. 48:

Misappropriation of Trade Secrets and Confidential Information—Wrongful Use or Disclosure

You must determine whether Ms. Ehson or Illusion wrongfully used or wrongfully disclosed any of the trade secrets you have established.

A defendant who has acquired trade secret information by improper means has no right to use or to disclose the information in any way whatsoever. Thus, any use or disclosure by a defendant who has acquired a trade secret by improper means is wrongful.

A defendant who originally acquired information through a confidential relationship may not disclose such information in any way that goes beyond the scope of authorization it received from the plaintiff regarding use and disclosure. That is, a person receiving trade secret information in confidence may use or disclose the information only in strict accordance with the understanding under which the information was given to the person. Any other use or disclosure is wrongful.

A party who comes into possession of trade secret information without realizing that it has been, for example, acquired through improper means, or who acquires the information by mistake or accident not having reason to believe that it belongs to another, is authorized to use that information so long as the person does not know, and has no reason to know, that the information in fact belongs to another or that use is not authorized. By the same token, once a defendant has reason to believe such information belongs to another, then it is wrongful for the defendant to use or disclose the information.[48]

---

[48] Authority: Business Torts Litigation, § 8.5.

Plaintiff's Proposed Jury Instruction No. 49:

Misappropriation of Trade Secret and Confidential Information—Finding Instruction

You shall find your verdict for Hair Club if Hair Club has proven by a preponderance of the evidence that: (1) any of Hair Club's information constituted trade secrets or confidential information; and (2) any of Defendants misappropriated any of those trade secrets or confidential information.

You shall find your verdict for Defendants if Hair Club has failed to prove either or both of those elements.[49]

---

[49] Authority: Va. Code Ann. § 59.1-336.

Plaintiff's Proposed Jury Instruction No. 50:

Misappropriation of Trade Secrets and Confidential Information—Compensatory Damages

If you find that Defendants are liable to Hair Club for their conduct, then you should consider whether Hair Club has suffered monetary damages as a result. Damages for misappropriation of trade secrets and confidential information can include both the actual loss and unjust enrichment caused by the misappropriation. This actual loss includes lost profits.[50]

---

[50] Authority: Business Torts Litigation, §§ 8.6, 8.6.1; Va. Code Ann. § 59.1-338.

Plaintiff's Proposed Jury Instruction No. 51:

Misappropriation of Trade Secrets and Confidential Information—Punitive Damages

If you find that the misappropriation of a trade secret was willful and malicious, you may award punitive damages to Hair Club to punish Defendants for their actions and to serve as an example to deter them and others from acting in a similar way.

If you award punitive damages, you must state separately in your verdict the amount you allow as compensatory damages and the amount you allow as punitive damages.[51]

---

[51] Authority: Va. Code Ann. § 59.1-338; 1-9 Virginia Model Jury Instructions - Civil Instruction No. 9.080.

Plaintiff's Proposed Jury Instruction No. 52:

Misappropriation of Trade Secrets and Confidential Information—Willful and Malicious Misappropriation

If you find that any of the Defendants misappropriated any of Hair Club's trade secrets, you must also determine whether any of the Defendants' misappropriation was "willful and malicious." Under the Virginia Uniform Trade Secret Act, "willful" conduct occurs when a party acts without regards for the rights of another, knowing injury will probably follow. Under the Virginia Uniform Trade Secret Act, "malicious" conduct occurs when a party acts with ill will or spite.[52]

---

[52] Authority: Va. Code Ann. § 59.1-338, § 59.1-338.1; *Am. Sales Corp. v. Adventure Travel, Inc.*, 862 F. Supp. 1476, 1480 (E.D. Va.).

Plaintiff's Proposed Jury Instruction No. 53:

No Duplicative Damages

In this case, Hair Club seeks to recover the same types of damages for lost profits on its breach of contract, breach of fiduciary duty of loyalty, misappropriation of trade secrets and confidential information, and tortious interference with contract and business advantage claims. A party is not entitled to multiple recovery for its losses. However, if you find that Hair Club has proved every element of each of its claims, and is entitled to recover for its claimed losses, you will be asked whether the recovery is duplicative, so that Hair Club does not recover more than it is entitled.[53]

---

[53] Authority: *Fournier Furniture, Inc. v. Waltz-Holst Blow Pipe Co.*, 980 F. Supp. 187, 191 (W.D. Va. 1997); *Nizan v. Wells Fargo Bank Minnesota Nat. Ass'n*, 650 S.E.2d 497, 502 (Va. 2007).

## IV. **Closing Instructions**

Plaintiff's Proposed Jury Instruction No. 54:

Election of Foreperson; Duty to Deliberate; Communications with Court; Cautionary;
Unanimous Verdict; Verdict Form

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone—including me—how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law that I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.[54]

---

[54] Authority: Federal Jury Practice and Instructions, § 103.50.

Dated:  September 14, 2016

MORGAN, LEWIS & BOCKIUS LLP

/s/ Jocelyn R. Cuttino
William J. Delany (admitted *pro hac vice*)
Jocelyn R. Cuttino (VA Bar No. 81379)
1111 Pennsylvania Avenue NW
Washington, DC  20004
Tel:  202.739.3000
Fax:  202.739.3001
jocelyn.cuttino@morganlewis.com
william.delany@morganlewis.com

*Attorneys for Plaintiff Hair Club for Men, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on September 14, 2016, a true and correct copy of the foregoing was served

via the Court's CM/ECF system on:

>Kaamil Mushtaq Khan
>K.M. KHAN LAW, P.C.
>8201 Greensboro Drive
>Suite 300
>McLean, Virginia  22102
>(703) 288-5270 (office)
>(571) 758-5405 (facsimile)
>*kaamil@kmkhan.com*
>
>*Counsel for Defendants*


/s/ Jocelyn R. Cuttino