UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| HAIR CLUB FOR MEN, LLC,<br>a Delaware limited liability company,<br><br>      Plaintiff,<br><br>      v.<br><br>LAILUMA EHSON and ILLUSION DAY SPA, LLC, a Virginia limited liability company,<br><br>      Defendants. | Civil Action No. 1:16-CV-236 LOG/JFA |

**PLAINTIFF'S PROPOSED SPECIAL VERDICT FORM**

      Pursuant to Local Rule 51 and this Court's Rule 16(b) Scheduling Order, Plaintiff Hair Club for Men, LLC ("Hair Club"), by and through its counsel, hereby submits the following Proposed Special Verdict Form for use at trial in this matter. Hair Club reserves its right to amend, withdraw, or supplement this Proposed Special Verdict Form in light of the arguments and evidence presented at trial.

DB1/ 89123469.3

Plaintiff's Proposed Special Verdict Form

On the claims of Plaintiff, Hair Club for Men, LLC, against the Defendants, Lailuma Ehson and Illusion Day Spa, LLC, we, the jury, being duly empaneled and sworn upon our oath, present the following answers to the questions submitted by the Court:

**Count One: Breach of Contract (v. Lailuma Ehson)**

1. This Court has already determined that (1) Paragraph 3(a) of Ms. Ehson's Confidentiality, Non-Solicitation, and Non-Compete Agreement is a valid and legally enforceable obligation that Ms. Ehson owed to Hair Club; (2) Ms. Ehson breached her contract with Hair Club by opening a competing hair salon, Illusion Day Spa, and providing hair replacement services; and (3) Ms. Ehson's breach resulted in injury or damage to Hair Club. As a result, Ms. Ehson's liability for breach of contract has been established. What damages has Plaintiff proved with reasonable certainty that it suffered as a result of Defendant Ehson's breach of contract?

$_____.

**Count Two: Misappropriation of Trade Secrets and Confidential Information (v. Lailuma Ehson and Illusion Day Spa)**

2. Do you find that Defendants misappropriated Hair Club's trade secrets and confidential information?

ANSWER:  Yes or No

3. If you answered "Yes" to Question 2, what damages has Plaintiff proved by the greater weight of evidence that it suffered as a result of Defendants' misappropriation?

$_____.

4. If you answered "Yes" to Question 2, was Defendants' misappropriation of Plaintiff's trade secrets and confidential information willful and malicious?

ANSWER:  Yes or No

5. If you answered "Yes" to Question 4, what amount of punitive damages do you award to punish Defendants and deter Defendants and others from similar wrongful conduct?

$_____.

**Count Three: Wrongful Interference with Contract and Business Advantage (v. Lailuma Ehson and Illusion Day Spa)**

6. This Court has already determined: (1) the existence of a contract expectancy, prospective business relationship, or economic advantage between Hair Club and its customers; (2)

knowledge of the contract expectancy, prospective business relationship, or economic advantage by Defendants; (3) that Ms. Ehson used improper means or methods to intentionally interfere with the contract expectancy, prospective business relationships, and economic advantage by using her position as a stylist at Hair Club to obtain the personal contact information of Hair Club's clients—in clear violation of Hair Club policy; using confidential information about the clients to provide a similar, but far less expensive, service to Hair Club's clients; and by breaching her fiduciary duty of loyalty to Hair Club; and (4) that Hair Club suffered damages in the form of lost income and profits.  As a result, the only element that remains is causation.  Do you find that it was reasonably certain that the business relationship between Plaintiff and its clients would have continued in the absence of Defendants' conduct?

ANSWER:  Yes or No

7. If you answered "Yes" to Question 6, what damages has Plaintiff proved it more likely than not suffered as a result of Defendants' wrongful interference with its contracts and business advantage?

$_____.

8. Do you find that Defendants acted with actual malice towards Plaintiff, or acted under circumstances amounting to a willful and wanton disregard of Plaintiff's rights in wrongfully interfering with Hair Club's contracts and business advantages?

ANSWER:  Yes or No

9. If you answered "Yes" to Question 8, what amount of punitive damages do you award to punish Defendants and deter Defendants and others from similar wrongful conduct?

$_____.

**Count Six: Breach of Fiduciary Duty (v. Lailuma Ehson)**

10. This Court has already determined that (1) Ms. Ehson, as an employee of Hair Club, owed Hair Club a fiduciary duty; (2) Ms. Ehson breached this duty by soliciting Hair Club's clients prior to the termination of her employment; and (3) Hair Club suffered damages resulting from Ms. Ehson's breach.  As a result, Ms. Ehson's liability for breach of fiduciary duty has been established.  What damages has Plaintiff proved by the greater weight of the evidence that it suffered as a result of Defendant Ehson's breach of her fiduciary duty?

$_____.

11. Do you find that Defendant Ehson acted with actual malice towards Plaintiff, or acted under circumstances amounting to a willful and wanton disregard of Plaintiff's rights in breaching her fiduciary duty of loyalty?

ANSWER:  Yes or No

12. If you answered "Yes" to Question 11, what amount of punitive damages do you award to punish Defendant Ehson and deter Defendant Ehson and others from similar wrongful conduct?

$_____.

13. Are any of the answers to Questions 1, 3, 7, or 10 duplicative?

ANSWER:  Yes or No

Your deliberations are complete.  Please have the foreperson sign and date this verdict form and notify the Court that you have reached a verdict.

Foreperson: _____

Date: _____

| | |
|---|---|
| Dated:  September 14, 2016 | MORGAN, LEWIS & BOCKIUS LLP<br><br>/s/ Jocelyn R. Cuttino<br>William J. Delany (admitted *pro hac vice*)<br>Jocelyn R. Cuttino (VA Bar No. 81379)<br>1111 Pennsylvania Avenue NW<br>Washington, DC  20004<br>Tel:  202.739.3000<br>Fax:  202.739.3001<br>jocelyn.cuttino@morganlewis.com<br>william.delany@morganlewis.com<br><br>*Attorneys for Plaintiff Hair Club for Men, LLC* |

## **CERTIFICATE OF SERVICE**

I certify that, on September 14, 2016, a true and correct copy of the foregoing was served via the Court's CM/ECF system on:

> Kaamil Mushtaq Khan
> K.M. KHAN LAW, P.C.
> 8201 Greensboro Drive
> Suite 300
> McLean, Virginia  22102
> (703) 288-5270 (office)
> (571) 758-5405 (facsimile)
> kaamil@kmkhan.com
>
> *Counsel for Defendants*

/s/ Jocelyn R. Cuttino