INSTRUCTION NO. 1

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial and each of the arguments of counsel it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case.  You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court--those given to you at the beginning of the trial, those given to you during the trial, and these final instructions--must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them to be from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you.  If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that given in these instructions of the Court just as it would be a violation of your sworn

duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

You were chosen as juror for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the Plaintiff and Defendant.

In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice–through trial by jury–depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

<u>INSTRUCTION NO. 2</u>

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence.  You are expected to use your good sense in considering and evaluating the evidence in the case.  Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

INSTRUCTION NO. 3

The evidence in this case consists of the sworn testimony of the witnesses–regardless of who may have called them–all exhibits received in evidence–regardless of who may have produced them–all facts which may have been agreed to or stipulated and all facts and events which may have been judicially noticed.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded by you.  Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case unless made as an admission or stipulation of fact.  You are to base your verdict only on the evidence received in the case.  In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits.  In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted.  You are permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense.

INSTRUCTION NO. 4

You must not consider any matter that was rejected or stricken by the Court. It is not evidence and should be disregarded.

## INSTRUCTION NO. 5

There are two types of evidence which are generally presented during a trial–direct evidence and circumstantial evidence.  Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.  Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact.  The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case.

INSTRUCTION NO. 6

Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.

<u>INSTRUCTION NO. 7</u>

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

<u>INSTRUCTION NO. 8</u>

The questions asked by a lawyer for either party to this case are not evidence.  If a lawyer asks a question of a witness which contains an assertion of fact, therefore, you may not consider the assertion by the lawyer as any evidence of that fact.  Only the answers are evidence.

INSTRUCTION NO. 9

Testimony and exhibits can be admitted into evidence during a trial only if it meets certain criteria or standards.  It is the sworn duty of the attorney on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law.  Only by raising an objection can a lawyer request and then obtain a ruling from the Court on the admissibility of the evidence being offered by the other side.  You should not be influenced against an attorney or his client because the attorney has made an objection.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case.  I am simply making a ruling on a legal question regarding that particular piece of testimony or exhibit.

<u>INSTRUCTION NO. 10</u>

It is the duty of the Court to admonish an attorney who, out of zeal for his or her cause, does something which I feel is not in keeping with the rules of evidence or procedure.

You are to draw absolutely no inference against the side to whom an admonition of the Court may have been addressed during the trial of this case.

INSTRUCTION NO. 11

During the course of a trial, I may occasionally ask questions of a witness.  Do not assume that I hold any opinion on the matters to which my questions may relate.  The Court may ask a question simply to clarify a matter—not to help one side of the case or hurt the other side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

INSTRUCTION NO. 12

The law of the United States permits a federal judge to comment to the jury on the evidence in a case.  Such comments are, however, only expressions of my opinion as to the facts and the jury may disregard them entirely.  You, as jurors, are the sole judges of the facts in this case. It is your recollection and evaluation of the evidence that is important to the verdict in this case.

Although you must follow the Court's instructions concerning the law applicable to this case, you are totally free to accept or reject my observations concerning the evidence received in the case.

INSTRUCTION NO. 13

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight, if any, that their testimony deserves.  After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness's testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief.  Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand.  Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters.  Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony.  Two or more persons witnessing an incident or a transaction may simply see or hear it differently.  Innocent misrecollection, like failure of recollection, is not an uncommon human experience.  In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves.

INSTRUCTION NO. 14

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial. An exception to this rule exists as to those persons who are described as "expert witnesses."  An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area.  If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight, if any, as you may think it deserves. You should consider the testimony of expert witnesses just as you consider other evidence in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence, you may disregard the opinion in part or in its entirety.

As I have told you several times, you—the jury—are the sole judges of the facts of this case.

INSTRUCTION NO. 15

Charts and summaries have been shown to you in order to help explain facts disclosed by books, records, and other documents in evidence in the case. These charts or summaries are not themselves evidence or proof of any facts. If the charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

The charts and summaries are used only as a matter of convenience. To the extent that you find they are not truthful summaries of facts or figures shown by the evidence in the case, you are to disregard them entirely.

INSTRUCTION NO. 16

Evidence may be presented to you in the form of written answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before this trial in response to written questions.

You must give the answers the same consideration as if the answers were made from the witness stand.

INSTRUCTION NO. 17

If you believe from the evidence that a witness previously made a statement inconsistent with his testimony at this trial, the only purpose for which the statement may be considered by you is its bearing on the witness's credibility.  It is not evidence that what the witness previously said is true.

<u>INSTRUCTION NO. 18</u>

If you believe from the evidence that a party previously made a statement inconsistent with his testimony at this trial, that previous statement may be considered by you as evidence that what the party previously said was true.

INSTRUCTION NO. 19

The plaintiff has the burden in a civil action, such as this, to prove every essential element of its claim by a preponderance of the evidence. If the Plaintiff in this action, Hair Club, should fail to establish any essential element of its claim by a preponderance of the evidence, you should find for the Defendants, Ms. Ehson and Illusion, as to that claim.

"Establish by a preponderance of the evidence" means that the evidence, as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means that the evidence supporting a fact, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

INSTRUCTION NO. 20

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations and other organizations, stand equal before the law, and are to be treated as equals.

INSTRUCTION NO. 21

A corporation may act only through natural persons who are its agents or employees.

Generally, any agents or employees of a corporation may bind the corporation by their acts and

declarations made while acting within the scope of their authority delegated to them by the

corporation or within the scope of their duties as employees of the corporation.

INSTRUCTION NO. 22

As I explained at the beginning of the trial, Hair Club has brought suit against Ms. Ehson and Illusion asserting four claims:  (1) that Ms. Ehson breached her non-compete contract with Hair Club; (2) that Ms. Ehson breached her fiduciary duty of loyalty to Hair Club; (3) that Ms. Ehson and Illusion wrongfully interfered with Hair Club's contracts and business advantage with its clients; and (4) that Ms. Ehson and Illusion misappropriated Hair Club's trade secrets.

To reiterate, I have already held that Ms. Ehson breached her contract with Hair Club as well as her fiduciary duty of loyalty by opening up a competing business with Hair Club and soliciting Hair Club's clients while she was still employed by Hair Club and after her employment ended. As a result, Ms. Ehson's liability as to these two claims has been established. You, the jury, are only responsible for calculating damages related to these two claims.

In addition, I have already held that Ms. Ehson and Illusion used improper means to intentionally interfere with Hair Club's contracts and business expectancies with its customers.  I have also held that Hair Club suffered damages in the form of lost income and profits.  It is your duty to determine whether Ms. Ehson's and Illusion's improper interference was the cause of the damages that Hair Club has suffered.

Lastly, you must decide whether Ms. Ehson and Illusion misappropriated Hair Club's trade secrets, including its client information and book of business, techniques and strategies, and pricing information.  On these issues, Hair Club has the burden of proof.

INSTRUCTION NO. 23

Paragraph 3(a) of Ms. Ehson's Confidentiality, Non-Solicitation, and Non-Compete Agreement prohibited Ms. Ehson, for a period of two years after the termination of her employment with Hair Club, from engaging in the business of hair replacement, on her own account or by becoming interested in such a business directly or indirectly, within a radius of 20 miles of any Hair Club center operated by Hair Club or any of Hair Club's franchises or affiliates.

This Court has already determined that (1) Paragraph 3(a) of Ms. Ehson's Confidentiality, Non-Solicitation, and Non-Compete Agreement is a valid and legally enforceable obligation that Ms. Ehson owed to Hair Club; (2) Ms. Ehson breached her contract with Hair Club by opening a competing hair salon, Illusion Day Spa, and providing hair replacement services; and (3) Ehson's breach resulted in injury or damage to Hair Club. You, the jury, are only responsible for calculating damages related to this claim. A finding of liability should not influence you in any way in considering the issue of damages.

As a result of Ms. Ehson's breach, Hair Club is entitled to recover as damages all of the losses it sustained, including gains prevented, that are a natural and ordinary result of the breach, and that it has proved by the greater weight of the evidence. Loss of prospective profits are recoverable when the prospective profits are the direct and proximate result of the breach and they are proven with a reasonable degree of certainty.

INSTRUCTION NO. 24

The law distinguishes between the measure of proof necessary to establish the fact that Hair Club sustained an injury and that which is required to enable you to fix the amount of that damage. The fact of injury by reason of an alleged violation must be established by a preponderance of the evidence. This is a higher or stricter degree of proof than is required in proving the amount of damages. In proving the amount of damages, the law requires only that Hair Club prove such facts as will enable you to arrive at the amount of damages with reasonable certainty.

Hair Club seeks compensatory damages in the form of lost profits. Hair Club is not required to prove the exact amount of its damages, but must show sufficient facts and circumstances to permit you to make a reasonable estimate of them. If Hair Club fails to do so, then it cannot recover.

INSTRUCTION NO. 25

This Court has already determined that (1) Ms. Ehson, as an employee of Hair Club, owed Hair Club a fiduciary duty; (2) Ms. Ehson breached this duty by soliciting Hair Club's clients prior to the termination of her employment; and (3) Hair Club suffered damages resulting from Ms. Ehson's breach. You, the jury, are only responsible for calculating damages related to this claim. A finding of liability should not influence you in any way in considering the issue of damages.

As a result of Ms. Ehson's breach, Hair Club is entitled to recover as damages all losses actually sustained by Hair Club that are a natural and ordinary result of Ms. Ehson's breach that Hair Club has proven by the greater weight of the evidence.

Hair Club seeks compensatory damages in the form of lost profits. Hair Club is not required to prove the exact amount of its damages, but must show sufficient facts and circumstances to permit you to make a reasonable estimate of them. If Hair Club fails to do so, then it cannot recover.

INSTRUCTION NO. 26

Hair Club must prove certain elements in order to succeed on its wrongful interference with contract and business advantage claim.  This Court has already determined: (1) the existence of a contract expectancy, prospective business relationship, or economic advantage between Hair Club and its customers; (2) knowledge of the contract expectancy, prospective business relationship, or economic advantage by Ms. Ehson and Illusion; (3) that Ms. Ehson used improper means or methods to intentionally interfere with the contract expectancy, prospective business relationships, and economic advantage by using her position as a stylist at Hair Club to obtain the personal contact information of Hair Club's clients—in clear violation of Hair Club policy; using confidential information about the clients to provide a similar, but far less expensive, service to Hair Club's clients; and by breaching her fiduciary duty of loyalty to Hair Club; and (4) that Hair Club suffered damages in the form of lost income and profits.

The only element that remains is causation.  Thus, you, the jury, must determine whether Ms. Ehson or Illusion were responsible for preventing Hair Club from continuing its relationship with its customers.  In other words, you must decide whether, except for the interference of Ms. Ehson or Illusion, Hair Club was reasonably certain to have fulfilled the expectancy with its customers.

Hair Club claims that Defendants intentionally interfered with an economic relationship between it and each of the following individuals:

- Ali Sadaat;

- Charles Fitch;

- Damian Ruth;

- Denver Madden;

- John Sigillito;

- Laura Ley;

- Musa Nazary;

- Robert Soltani;

- Shafat Quadri;

- Thomas Fungwe;

- Tony Batts;

- Alan Wong;

- Armando Castro;

- Debra Hesebek;

- Dan Tefera;

- Gregory Manatan;

- Ijaz Benhusen;

- Ibis Rivera;

- Jennifer McNeal;

- Malika Chareq;

- Mayis Patatanian;

- Sudhakar Tammireddi;

- Sylvia Lindsey; and

- Zakir Chowdhury.

INSTRUCTION NO. 27

You shall find your verdict for Hair Club if Hair Club has proven by the greater weight of the evidence that it was reasonably certain that the business relationship would have continued in the absence of Ms. Ehson's or Illusion's conduct.

You shall find your verdict for the Defendants if Hair Club failed to prove that element.

INSTRUCTION NO. 28

If, after considering the evidence in this case and the instructions of the Court, you should find the issues in favor of Hair Club, then it is my duty to tell you what damages Hair Club would be entitled to recover. It would be such a sum as you believe, from the evidence, will fairly and reasonably compensate Hair Club for any damage it has suffered by reason of Ms. Ehson's or Illusion's acts complained of and for the anticipated profits of which Hair Club was deprived, provided they are of such a nature to be beyond the speculative stage.

In determining compensatory damages, you may consider whether Hair Club suffered any measureable loss of profits as a result of Ms. Ehson's or Illusion's conduct. In this case, Hair Club claims that its business was affected because of loss of profits that Hair Club might have earned but for Ms. Ehson's or Illusion's conduct.

Although a qualified person may make estimates concerning probable profits or losses of a going business, you should, in weighing all such evidence, take into consideration, among other things, the truth or falsity of the basis of such estimates; the knowledge or lack of knowledge of the witnesses of all of the conditions on which the estimate is based; whether the facts assumed as a basis for an estimate rest upon actual accounts and records kept in the ordinary course of business rather than in uncertain recollections; and knowledge of the witness in the particular line of business about which the witness testifies.  From all of the evidence in this case bearing on the subject, you should determine for yourselves the probability or improbability, and the amount, of profits anticipated by the Plaintiff.

The difficulty or uncertainty in ascertaining or measuring the precise amount of damages does not preclude recovery, and you, the jury, should use your best judgment in determining the amount of such damages, if any, based upon the evidence.

INSTRUCTION NO. 29

In order to recover on its misappropriation of trade secrets claim, Hair Club must prove each of the following elements by a preponderance of the evidence: (1) the existence of a trade secret, and (2) its misappropriation by either or both Defendants. I will go over each of these elements more specifically in the following instructions.

If, after you consider all of the evidence, you find that Hair Club has proven each of these elements in accordance with the legal requirements as I describe them to you, then your verdict must be for Hair Club, and you will consider the amount of monetary damages to be awarded to Hair Club by following the instructions that I will give you relating to damages.

If, on the other hand, you find that Hair Club has not proven one or more of these elements, then your verdict must be for the Defendants.

INSTRUCTION NO. 30

Before you consider Ms. Ehson's and Illusion's actions, you must find that Hair Club possessed a trade secret.  Broadly speaking, a trade secret may consist of any formula pattern, compilation, program, device, method, techniques, or process, including a customer list.

However, to prove that particular information is entitled to special protection as a "trade secret," Hair Club must show that: (1) the information derives independent economic value; (2) from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (3) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

In this case, Hair Club alleges the following three types of information warrant trade secret protection:

- Hair Club's client information and book of business;

- Hair Club's hair replacement techniques and strategies; and

- Hair Club's pricing information.

INSTRUCTION NO. 31

A trade secret must be valuable either to Hair Club or to its business rivals in the sense that, as long as it is a secret, the information provides Hair Club with an actual or potential competitive business advantage over its rivals. To help you determine whether Hair Club enjoyed either an actual or potential competitive advantage, you may consider such things as: (1) the degree to which the information was generally known or readily ascertainable by others; (2) the extent to which Hair Club used or uses the information in its business; (3) whether the information allows Hair Club to earn increased profits or operate its business more efficiently; (4) what gain or benefits Ms. Ehson's and Illusion's business obtained from the information; (5) what money, effort, and time Hair Club expended to develop the information; and (6) the ease or difficulty of acquiring or duplicating the information through independent economic development, research, or publicly available information, or taking apart and analyzing a product properly acquired to learn its secrets.

For a trade secret to have economic value, it must not be readily ascertainable through legitimate means. If a competitor could easily discover the information legitimately, then the information is considered public or is of de minimis economic value.

<u>INSTRUCTION NO. 32</u>

In order to constitute a trade secret, information must derive independent economic value from not being generally known. Information that is generally known cannot be a trade secret. However, Hair Club is not required to maintain absolute secrecy with respect to its information in order for that information to garner trade secret protection. Limited disclosures of information that do not result in the information becoming generally known will not prevent the information from being a trade secret.

Further, a compilation of public facts, or a combination of public facts with trade secrets, can constitute a trade secret if the compilation or combination has itself remained confidential and is not reasonably ascertainable through proper means.

INSTRUCTION NO. 33

You must determine whether Hair Club's efforts to maintain the secrecy of its information were reasonable under the circumstances. Perfect security is not required. Rather, only "reasonable efforts" must be taken to maintain secrecy.

Mere disclosure of the information does not result in the loss of trade secret status. The secrecy need not be absolute, as the owner of a trade secret may, without losing protection, disclose it to a licensee, an employee, or a stranger, if the disclosure is made in confidence, express or implied.

Factors you may wish to consider in evaluating whether "reasonable measures" were taken could include the following:

- Whether Hair Club made it a practice to inform its employees or others involved with its business that the information was a trade secret and/or was to be kept confidential;

- Whether Hair Club required its employees or others involved with its business to sign confidentiality agreements regarding the information or agreements not to compete in areas that could use the information;

- Whether Hair Club restricted access to the information on a "need to know" basis; and

- Whether Hair Club generally maintained tight security to protect the alleged trade secret, and did not voluntarily disclose it to others, except in confidence.

INSTRUCTION NO. 34

If you find that any of Hair Club's alleged trade secrets existed and is entitled to special protection as a "trade secret," you must also determine whether Ms. Ehson or Illusion misappropriated those trade secrets.

The Virginia Uniform Trade Secrets Act sets forth several different types of conduct that constitute "misappropriation." Thus, the term "misappropriation" can mean any of the following:

- First, misappropriation occurs when a Defendant acquires the trade secret of another if the Defendant knew or had reason to know it was acquiring the trade secret through improper means.

- Second, misappropriation also occurs when a Defendant uses or discloses the trade secret of another without express or implied consent if the Defendant used improper means to acquire the trade secret.

- Third, misappropriation also occurs when a Defendant uses or discloses the trade secret of another without express or implied consent if, at the time of use or disclosure, the Defendant knew or had reason to know that the trade secret was derived from or through a person who used improper means to acquire the trade secret.

- Fourth, misappropriation also occurs when a Defendant uses or discloses the trade secret of another without express or implied consent if, at the time of use or disclosure, the Defendant knew or had reason to know that the trade secret was acquired under circumstances giving rise to a duty to maintain the trade secret's secrecy or limit its use.

- Fifth, misappropriation also occurs when a Defendant uses or discloses the trade secret of another without express or implied consent if, at the time of use or disclosure, the Defendant knew or had reason to know that the trade secret was derived from or through

37

a person who owed a duty to the Plaintiff to maintain the trade secret's secrecy or limit its use.

- Sixth, misappropriation also occurs when a Defendant uses or discloses the trade secret of another without express or implied consent if, at the time of use or disclosure, the Defendant knew or had reason to know that the trade secret was acquired by accident or mistake.

Finally, an employer can be liable for trade secret misappropriation committed by an employee acting within the scope of his employment through the doctrine of respondeat superior. Given that Ms. Ehson is the sole owner of Illusion, if you find that Ms. Ehson has misappropriated Hair Club's trade secret information, then I instruct you that you must find as a matter of law that Illusions also misappropriated Hair Club's trade secret information.

## INSTRUCTION NO. 35

The phrase "improper means" includes, but is not limited to, theft, bribery, misrepresentation, breach of a duty or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means.

INSTRUCTION NO. 36

You must determine whether Ms. Ehson or Illusion wrongfully used or wrongfully disclosed any of the trade secrets you have established.

A defendant who has acquired trade secret information by improper means has no right to use or to disclose the information in any way whatsoever. Thus, any use or disclosure by a defendant who has acquired a trade secret by improper means is wrongful.

A defendant who originally acquired information through a confidential relationship may not disclose such information in any way that goes beyond the scope of authorization it received from the plaintiff regarding use and disclosure. That is, a person receiving trade secret information in confidence may use or disclose the information only in strict accordance with the understanding under which the information was given to the person. Any other use or disclosure is wrongful.

A party who comes into possession of trade secret information without realizing that it has been, for example, acquired through improper means, or who acquires the information by mistake or accident not having reason to believe that it belongs to another, is authorized to use that information so long as the person does not know, and has no reason to know, that the information in fact belongs to another or that use is not authorized. By the same token, once a defendant has reason to believe such information belongs to another, then it is wrongful for the defendant to use or disclose the information.

<u>INSTRUCTION NO. 37</u>

You shall find your verdict for Hair Club if Hair Club has proven by a preponderance of the evidence that: (1) any of Hair Club's information constituted trade secrets; and (2) any of Defendants misappropriated any of those trade secrets.

You shall find your verdict for Defendants if Hair Club has failed to prove either or both of those elements.

INSTRUCTION NO. 38

If you find that Defendants are liable to Hair Club for their conduct, then you should

consider whether Hair Club has suffered monetary damages as a result. Damages for

misappropriation of trade secrets can include both the actual loss and unjust enrichment caused

by the misappropriation. This actual loss includes lost profits.

INSTRUCTION NO. 39

In this case, Hair Club seeks to recover the same types of damages for lost profits on its breach of contract, breach of fiduciary duty of loyalty, misappropriation of trade secrets, and tortious interference with contract and business advantage claims. A party is not entitled to multiple recovery for its losses. However, if you find that Hair Club has proved every element of each of its claims, and is entitled to recover for its claimed losses, you will be asked whether the recovery is duplicative, so that Hair Club does not recover more than it is entitled.

INSTRUCTION NO. 40

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment.  Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous.  Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans.  You are judges–judges of the facts of this case.  Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case.  Nothing you have seen or read outside of court may be considered.  Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be.  Nothing said in these instructions and nothing in any form of verdict, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you

should return.  What the verdict shall be is the exclusive duty and responsibility of the jury.  As I have told you many times, you are the sole judges of the facts.

A form of verdict has been prepared for your convenience.

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson write your verdict, on the form, date and sign the form, and then return with your verdict to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the bailiff.  No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

Bear in mind also that you are never to reveal to any person–not even to the Court–how the jury stands, numerically or otherwise until after you have reached a unanimous verdict.

INSTRUCTION NO. 41

I am sending the exhibits which have been received in evidence during the trial with you as you retire for your deliberations.