

## Special Verdict Form

On the claims of Plaintiff, Hair Club for Men, LLC, against the Defendants, Lailuma Ehson and Illusion Day Spa, LLC, we, the jury, being duly empaneled and sworn upon our oath, present the following answers to the questions submitted by the Court:

**Count One: Breach of Contract (v. Lailuma Ehson)**

1. This Court has already determined that (1) Paragraph 3(a) of Ms. Ehson's Confidentiality, Non-Solicitation, and Non-Compete Agreement is a valid and legally enforceable obligation that Ms. Ehson owed to Hair Club; (2) Ms. Ehson breached her contract with Hair Club by opening a competing hair salon, Illusion Day Spa, and providing hair replacement services; and (3) Ms. Ehson's breach resulted in injury or damage to Hair Club. As a result, Ms. Ehson's liability for breach of contract has been established. What damages has Plaintiff proved with reasonable certainty that it suffered as a result of Defendant Ehson's breach of contract?

$ __156,096__.

**Count Two: Misappropriation of Trade Secrets (v. Lailuma Ehson and Illusion Day Spa)**

2. Do you find that Defendants misappropriated Hair Club's trade secrets?

ANSWER: (Yes) or No

3. If you answered "Yes" to Question 2, what damages has Plaintiff proved by the greater weight of evidence that it suffered as a result of Defendants' misappropriation?

$ __258,330__.

Case 1:16-cv-00236-LO-JFA   Document 144   Filed 09/27/16   Page 2 of 3 PageID# 1911

FILED
IN OPEN COURT

SEP 27 2016

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

**Count Three: Wrongful Interference with Contract and Business Advantage (v. Lailuma Ehson and Illusion Day Spa)**

4. This Court has already determined: (1) the existence of a contract expectancy, prospective business relationship, or economic advantage between Hair Club and its customers; (2) knowledge of the contract expectancy, prospective business relationship, or economic advantage by Defendants; (3) that Ms. Ehson used improper means or methods to intentionally interfere with the contract expectancy, prospective business relationships, and economic advantage by using her position as a stylist at Hair Club to obtain the personal contact information of Hair Club's clients—in clear violation of Hair Club policy; using confidential information about the clients to provide a similar, but far less expensive, service to Hair Club's clients; and by breaching her fiduciary duty of loyalty to Hair Club; and (4) that Hair Club suffered damages in the form of lost income and profits. As a result, the only element that remains is causation. Do you find that it was reasonably certain that the business relationship between Plaintiff and its clients would have continued in the absence of Defendants' conduct?

ANSWER: (Yes) or No

5. If you answered "Yes" to Question 4, what damages has Plaintiff proved it more likely than not suffered as a result of Defendants' wrongful interference with its contracts and business advantage?

$ 258,330 .



IN OPEN COURT
SEP 27 2016
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

### Count Six: Breach of Fiduciary Duty (v. Lailuma Ehson)

6. This Court has already determined that (1) Ms. Ehson, as an employee of Hair Club, owed Hair Club a fiduciary duty; (2) Ms. Ehson breached this duty by soliciting Hair Club's clients prior to the termination of her employment; and (3) Hair Club suffered damages resulting from Ms. Ehson's breach. As a result, Ms. Ehson's liability for breach of fiduciary duty has been established. What damages has Plaintiff proved by the greater weight of the evidence that it suffered as a result of Defendant Ehson's breach of her fiduciary duty?

$ __258,330__ .

7. Are any of the answers to Questions 1, 3, 5, or 6 duplicative?
ANSWER: (Yes) or No

Your deliberations are complete. Please have the foreperson sign and date this verdict form and notify the Court that you have reached a verdict.

Foreperson: ██████████

Date: __9/27/2016__