**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | | |
|---|---|---|
| HAIR CLUB FOR MEN, L.L.C., | } | |
|     Plaintiff, | } | |
| | } | |
|     v. | } | Civil Action No.: 1:16 CV 236 LOG/JFA |
| | } | |
| EHSON, Lailuma, and | } | |
| ILLUSION DAY SPA, L.L.C., | } | |
|     Defendants. | } | |

**DEFENDANTS' RESPONSE TO**
**PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS**

COMES NOW the Defendants, Ms. Lailuma Ehson ("Ms. Ehson") and Illusion Day Spa, L.L.C. ("Illusion Day Spa"), by counsel, and in response to the Motion for Attorney Fees and Costs [D.E. 159] filed by the Plaintiff, Hair Club for Men, L.L.C. ("Hair Club") respectfully state as follows:

**ARGUMENT**

## I. HAIR CLUB IS ENTITLED ONLY TO ATTORNEY FEES ON ITS BREACH OF CONTRACT CLAIM.

### A. Legal Standard.

Generally speaking, a civil litigant is responsible for his or her own attorney fees and expenses. *Salim v. Dahlberg*, Docket No. 1:15-cv-468, 2016 WL 2930943, *2 (E.D. Va. May 18, 2016). However, such fees and expenses may be recovered if authorized by contract or statute. *Id*. When a litigation matter involves several claims, the prevailing party is limited to an "award of costs and attorneys' fees only for those claims for which (a) there is a contractual or statutory basis for such an award and (b) the party has prevailed." *Id*. at *4 *citing Manchester Oaks Homeowners Ass'n, Inc. v. Batt*, 732 S.E.2d 690, 702 (Va. 2012) (internal quotation marks omitted).

**B. Which Attorney Fees Can Be Recovered by Hair Club?**

In the above-captioned matter, Hair Club's Amended Verified Complaint [D.E. 54] initially contained six claims: 1) Breach of Ms. Ehson's Non-Competition Clause and Non-Solicitation Clause; 2) Misappropriation by Ms. Ehson and Illusion Day Spa of Hair Club's Trade Secrets; 3) Wrongful Interference by Ms. Ehson and Illusion Day Spa with Hair Club's Contract and Prospective Business Advantage; 4) Tortious Interference by Illusion Day Spa with Contractual Relations; 5) Unjust Enrichment against Ms. Ehson and Illusion Day Spa; and, 6) Breach of Fiduciary Duty by Ms. Ehson. After a jury trial in this matter, Hair Club was awarded damages on the following claims: 1) Breach of Ms. Ehson's Non-Competition Clause; 2) Misappropriation by Ms. Ehson and Illusion Day Spa of Hair Club's Trade Secrets; 3) Wrongful Interference by Ms. Ehson and Illusion Day Spa with Hair Club's Contract and Prospective Business Advantage; and, 4) Breach of Fiduciary Duty by Ms. Ehson. Special Verdict Form, D.E. 144.

**1.** Attorney Fees on Breach of the Non-Competition Claim.

Ms. Ehson's Confidentiality, Non-Solicitation, and Non-Compete Agreement with Hair Club states that Ms. Ehson would be responsible for the payment of reasonable attorney fees in any action brought to enforce the provisions of the agreement. Compl. [D.E. 1], Ex. 1, § 3(g). The Defendants do not dispute that Hair Club prevailed on its breach of contract claim in regards to the non-competition clause. Therefore, Hair Club is entitled to reasonable attorney fees for enforcement of its non-competition clause.

**2.** Attorney Fees on the Misappropriation of Trade Secrets Claim.

Reasonable attorney fees may be awarded on a misappropriation of trade secrets claim if the misappropriation was "willful and malicious." Va. Code § 59.1-338.1. The jury found Ms. Ehson and Illusion Day Spa misappropriated Hair Club's trade secrets. Special Verdict Form, D.E. 144, *1. However, the jury was not asked to find whether this information was misappropriated willfully or maliciously. *See generally* Jury Instructions, D.E. 143. Hair Club is now asking this Court to judge Ms. Ehson and Illusion Day Spa's conduct as willful and malicious. Pl. Memo [D.E. 160], *5.

A finding of willful and malicious exists when a defendant "act[s] consciously in disregard of another person's rights or acting with reckless indifference to the consequences, with the defendant aware, from his knowledge of existing circumstances and conditions, that his conduct probably would cause injury to another." *National Legal Research Group v. Lathan*, 1993 WL 169789, *11 (W.D. Va. May 17, 1993). While Ms. Ehson was found to have misappropriated this information, her misappropriation should not be considered malicious. Her exit from her former employer was deceptive. However, Ms. Ehson contacted her clients from Hair Club and provided hair replacement in furtherance of her own self-interests. There was no testimony or other evidence that Ms. Ehson deliberately intend to hurt Hair Club or acted out of any animosity towards it. Her belief, although incorrect, was that if the individual clients had left Hair Club, she was free to provide hair replacement services to them. While selfish and ignorant, this Court should not find such behavior to be reckless or malicious.

Even though Hair Club believes otherwise, no evidence of any maliciousness was introduced at trial. Since this must be shown in combination with willfulness prior to attorney fees

being awarded on a trade secret misappropriation claim, Hair Club should not be entitled to the recovery of any fees and costs for this claim.

   **3.**  Attorney Fees on the Remaining Claims.

   The jury awarded Hair Club damages on its willful interference and breach of fiduciary duty claims. Hair Club now seeks its attorney fees for these claims. However, even though it prevailed, Hair Club cannot recovery these fees. *Salim*, 2016 WL 2930943 at *2.

   There is no statutory authority or contractual provision that awards fees on these common law claims. Hair Club argues that attorney fees are recoverable as these claims are related and share a "common core of facts" with its breach of contract and trade secret misappropriation claims. Pl. Memo [D.E. 160], *15. There is no test for determining when claims are "related" or "unrelated". *Bradford v. HSBC Mortgage Corp.*, 859 F.Supp.2d 783, 793 (E.D. Va. 2012). While Hair Club's two other successful claims arise from Ms. Ehson's prior employment relationship with her former employer, they punish different aspects of Ms. Ehson's conduct. These remaining claims are based on separate evidence and allegations. *Salim*, 2016 WL 2930943 at *9.

   Specifically, Hair Club's non-compete claim awards damages based on Ms. Ehson opening up a competing business within the geographical restrictions set forth in the agreement. The misappropriation claim is based on the wrongful use of Hair Club's trade secrets. In contrast, Ms. Ehson breached her fiduciary duty when she solicited Hair Club's customers prior to leaving her employment at Hair Club. August 31, 2016 Order, *19. These solicitations did not violate Ms. Ehson's non-competition clause. Further, this legal theory punishes different actions from Hair Club's misappropriation claim: wrongful solicitations of Hair Club's clients versus improper use of the client identities to build Ms. Ehson and Illusion Day Spa's book of business.

The damages for Ms. Ehson and Illusion Day Spa's willful interference claim were based on the jury being "reasonably certain that the business relationship between [Hair Club] and its clients would have continued in the absence of Defendants' conduct." Special Verdict Form, D.E. 144, *2. Whether Hair Club would have maintained its contractual relationships with its clients was not considered by the jury when finding Ms. Ehson liable for her breach of the non-competition clause or misappropriation of Hair Club's trade secrets.

This case is distinguishable from *Tech Systems, Inc. v. Pyles*. In that case, the Court awarded attorney fees for the entire litigation matter including common law claims that "do not provide an independent basis for an attorneys' fees award." Docket No. 1:12-cv-374, 2013 WL 4033650, *4 (E.D. Va. August 6, 2013). That was because those claims were subsumed within those where fees could be recovered. *Id*. at *4-5 (The plaintiff's trespass claim coincided with the defendant's violation of the Virginia Computer Crimes Act while liability for the breach of fiduciary duty claim arises from the same actions prohibited by the Electronic Communications Privacy Act). In this case, the underlying conduct by which the Defendants were found liable under the intentional interference and breach of fiduciary duty claims is completely different from Hair Club's breach of contract or trade secret claim; the elements and factors for these common law claims do not overlap with the contract or statutory assertions. These matters can almost be considered separate lawsuits. *See Bradford*, 859 F.Supp.2d at 793.

Hair Club's two other claims, while successful, are not interrelated to the ones where authority for attorney fees lies. *Salim*, 2016 WL 2930943 at *2. Therefore, the calculation of the reasonable number of hours expended should be appropriately reduced to account for work performed on these matters.

## II. DETERMINATION OF HAIR CLUB'S REASONABLE ATTORNEY FEES.

### A. Legal Standard.

The touchstone of any award of attorney fees is reasonableness. *Virginia-Pilot Media Cos., L.L.C. v. Dept. of Justice*, Docket No. 2:14-cv-577, 2016 WL 4265742, *2 (E.D. Va. August 10, 2016). The movant bears the burden of demonstrating this reasonableness by providing sufficient detail and explanation for its fees and costs. *Id*.

Federal courts use a three step process to calculate an award of attorney's fees. *Id*. First, the lodestar fee is determined by multiplying the reasonable number of hours required to perform the legal work by the reasonable rate. *Id*. The reasonable number of hours and reasonable rate is determined by analyzing the *Johnson/Barber* factors: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. *Id*. Because Hair Club was not working on a contingent basis, Pl. Memo., *14 [D.E. 160], Johnson/Barber factors four, six and ten are not relevant to this analysis. *Taylor v. Mitre Corp.*, Docket No. 1:11-cv-1247, 2013 WL 588763, *3 (E.D. Va. February 13, 2013).

Once the lodestar figure is determined, a court must subtract fees for hours spent on unsuccessful claims unrelated to the successful ones. *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir.

2014). Finally, the court awards some percentage of the remaining amount depending on the degree of success enjoyed by the plaintiff. *Id.*

**B. The Reasonable Rate.**

The reasonable rate is calculated according to the market rates in the relevant community. *Virginia-Pilot*, 2016 WL 4265742 at *4. Any required special skill or experience is reflected in the reasonableness of the hourly rates. *Id.*

The rates for the majority of the hourly fees requested here are $730.00 for Mr. William Delany; $580.00 for Ms. Jocelyn Cuttino; and, $350.00 for Mr. Alexander Malson. Pl. Memo., *9 [D.E. 160]. Paralegal rates are requested at a range between $255.00 to $310.00 per hour. Delany Aff. [D.E. 160-1], ¶ 17. Hair Club summarily argues that these fees are as reasonable because they fall within the *Vienna Metro* Matrix. *Id.*

However, the *Vienna Metro* Matrix is applied by this Court to complex cases. *Route Triple Seven Ltd. P'Ship. v. Total Hockey, Inc.*, 127 F.Supp.3d 607, 620 (E.D. Va. August 28, 2015); *see also Salim*, 2016 WL 2930943 at *6. While this matter was heavily contested, the legal issues were relatively straight forward. The non-compete and non-solicitation clause were challenged for being overbroad. The law on this issue is well-developed in Virginia and solely a legal issue. There was no factual challenge as to whether these agreements were breached. *See* Stmt. Stip. Facts [D.E. 70], ¶¶ 9-11. The applicable law for breach of fiduciary duty and willful interference was also agreed to by the parties.

The only particularly novel question at issue was whether trade secret protection applied as claimed by Hair Club, especially to its customer identities. However, the application of contested facts to agreed upon law does not make this case complex. See *Salim*, 2016 WL 2930943 at *6; *Route Triple Seven*, 127 F.Supp.3d at 620. Ms. Ronda B. Esaw in her affidavit does not

distinguish the complexity of this case from any of her other representative case matters. *See* Essaw Aff., [D.E. 160-13]. The *Vienna Metro* Matrix is inapplicable to this case.

Ms. Cuttino and Mr. Delany are experienced, professional, and highly courteous litigators. However, this Court should still reduce their hourly rates in accordance with its other recent decisions. In *Route Triple Seven Ltd. P'Ship. v. Total Hockey, Inc.*, rates of $420.00 per hour per partner, $275.00 per hour per senior associate, $200.00 per hour per junior associate, and $120.00 per hour per paralegal were reasonable for a breach of contract matter. 127 F.Supp.3d 607, 620. In *Taylor v. Mitre*, this Court found the employer's lead counsel to have considerable skill and experience in the area of employment law, similar to Mr. Delany, yet reduced her hourly rate from $695.00 to $450.00. 2013 WL 588763 at *3. In *Salim v. Dahlberg*, it capped the hourly fee at $500.00 for an attorney with over thirty-nine years of legal experience. 2016 WL 2930943 at *8.

The Court should set the attorney and paralegal rates in this case in accordance with those in *Route Triple Seven Ltd. P'Ship v. Total Hockey, Inc.* By doing so, it balances the *Johnson/Barber* factors, specifically the lack of novel legal issues raised with Ms. Cuttino and Mr. Delany's skills, experience, reputation, and legal abilities and the fees awarded in similar cases.

**C. Reasonable Hours Expended.**

Once the reasonable rate is determined, the Court must determine the reasonable number of hours expended on the breach of the non-compete case. Hair Club has not set forth how much time was spent litigating each of its claims. Simply reviewing the attached billing records, Hair Club's Exhibit A, also does not easily allow for the determination of the attorney fees which can be recovered on the breach of contract claim

It is a reality in trial work that an attorney's time is generally devoted to the litigation matter as a whole. *McAfee*, 738 F.3d at 92. Therefore, the most equitable method for this Court to award

Hair Club its entitled attorney fees is to determine the total reasonable number of hours incurred in this litigation and then award a set percentage of that amount proportionate to Hair Club's enforcement of its non-compete provision.

**1.** <u>Vague Time Descriptions</u>.

Attorney fees are not awarded for vague time descriptions. *Route Triple Seven*, 127 F.Supp.3d at 621. These entries do not disclose the relevance of this work to the litigation matter at hand or the nature and need for the attorney's services. *Id*.

The following entries are vague as they do not provide a fair review of what was done and how it related to the above-captioned case matter. These should not be calculated when determining the reasonable hours expended on the case.

| Time Keeper | Date | Billing Description | Hours |
|---|---|---|---|
| R. Rosenblatt | December 16, 2015 | Review [Redacted] and e-mail to L. Marzo re: same. | 0.1 |
| R. Rosenblatt | December 9, 2015 | Review and respond to e-mail from L. Marzo | 0.1 |
| R. Rosenblatt | January 12, 2016 | Review [Redacted]. | 0.3 |
| R. Rosenblatt | February 10, 2016 | Confer with W. Delany and review work product for [Redacted]. | 0.5 |
| R. Rosenblatt | February 10, 2016 | Call with L. Marzo re: [Redacted]. | 0.2 |
| W. Delany | February 10, 2016 | Review background documents; discuss with R. Rosenblatt. | 1.5 |
| W. Delany | March 15, 2016 | Address with J. Cuttino [Redacted]. | 0.3 |
| W. Delany | March 16, 2016 | Conference call re: [Redacted]. | 0.6 |
| J. Cuttino | March 16, 2016 | Conference re: [Redacted] with L Marzo | 0.5 |
| H. Rubin | April 5, 2016 | Research and retrieve information on district court cases [Redacted]. | 0.7 |
| A. Malson | April 13, 2016 | Conference with J. Cuttino and L. Marzo re: [Redacted]. | 0.3 |
| W. Delany | April 20, 2016 | Review [Redacted]. | 0.2 |
| J. Cuttino | May 4, 2016 | Research re: [Redacted]. | 0.3 |
| R. Rosenblatt | May 11, 2016 | Call with w. Delany and J. Cuttino re: [Redacted] call with L. Marzo [Redacted]. | 1.0 |

| Time Keeper | Date | Billing Description | Hours |
|---|---|---|---|
| W. Delany | May 11, 2016 | Telephone call re: [Redacted]. | 1.0 |
| A. Malson | June 23, 2016 | Review subpoena requirements [Redacted]. | 0.5 |
| A. Malson | June 28, 2016 | Draft [Redacted]. | 1.8 |
| A. Malson | July 5, 2016 | [Redacted] | 1.4 |
| A. Malson | July 5, 2016 | [Redacted] | 0.3 |
| A. Malson | July 6, 2016 | Review Defendants' discovery requests [Redacted]. | 0.2 |
| A. Malson | July 7, 2016 | Conference with A. Rohrbaugh re: [Redacted]. | 0.9 |
| A. Malson | July 19, 2016 | Conference with L. Marzo re: [Redacted]. | 0.2 |
| W. Delany | July 21, 2016 | [Redacted]. | 0.4 |
| W. Delany | July 22, 2016 | [Redacted]. | 0.6 |
| A. Malson | July 28, 2016 | [Redacted]. | 1.0 |
| A. Malson | July 28, 2016 | Conference with A. Rohrbaugh re: [Redacted]. | 0.4 |
| W. Delany | September 8, 2016 | Conference call with L. Marzo re: [Redacted]. | 0.5 |
| W. Delany | September 13, 2016 | Address pretrial filings. | 2.5 |
| W. Delany | September 14, 2016 | Work on pretrial filings. | 4.0 |
| A. Malson | September 15, 2016 | Research re: [Redacted] (1.1)… | 1.1 |

**2.** Time Incurred on Preliminary Injunction Memorandum and Motion for Undisputed Facts and Findings of Law.

A plaintiff is not entitled to recover for time spent on unsuccessful efforts. *Salim*, 2016 WL 2930943 at *9. Hair Club spent significant time preparing, researching, and arguing its Motion for Preliminary Injunction. This motion was denied and Hair Club was not granted any relief requested therein. May 6, 2016 Order, [D.E. 51]. Therefore, the following time should not be included when determining the reasonable number of hours expended in this litigation.

| Time Keeper | Date | Billing Description | Hours |
|---|---|---|---|
| J. Cuttino | February 17, 2016 | Prepare motion for preliminary injunction | 4.5 |

| Time Keeper | Date | Billing Description | Hours |
|---|---|---|---|
| J. Cuttino | February 17, 2016 | Prepare proposed order on motion for preliminary injunction. | 0.5 |
| R. Ladeau | February 17, 2016 | Confer with J. Cuttino regarding the outstanding action items of the motion for a preliminary injunction. | 0.30 |
| W. Delany | February 18, 2016 | Review and revise petition or preliminary injunction and draft order. | 3.0 |
| R. Ladeau | February 18, 2016 | Research Fourth Circuit case law regarding [Redacted] in support of the preliminary injunction and confer with A. Malson regarding same | 2.1 |
| R. Ladeau | February 18, 2016 | Draft the memorandum of law in support of the motion for a preliminary injunction. | 2.1 |
| R. Ladeau | February 18, 2016 | Work on draft complaint. | 0.4 |
| A. Malson | February 18, 2016 | Research re: breach of contract claim for motion for preliminary injunction. | 1.5 |
| A. Malson | February 18, 2016 | Draft arguments for motion for preliminary injunction. | 2.0 |
| A. Malson | February 18, 2016 | Research re: tortious interference with prospective business advantage claim for motion for preliminary injunction. | 2.5 |
| R. Ladeau | February 19, 2016 | Develop strategy on the motion for a preliminary injunction. | 0.1 |
| A. Malson | February 19, 2016 | Research re: Virginia federal and state court standard for granting preliminary injunction. | 0.4 |
| J. Cuttino | March 1, 2016 | Revise complaint and motion for preliminary injunction. | 0.6 |
| J. Cuttino | March 2, 2016 | Revise complaint and motion for preliminary injunction. | 1.0 |
| J. Cuttino | March 28, 2016 | Prepare reply in support of motion for preliminary injunction. | 8.0 |
| W. Delany | March 30, 2016 | Review and revise response to motion for preliminary injunction; conference with J. Cuttino regarding [Redacted]. | 1.4 |
| J. Cuttino | April 5, 2016 | Prepare reply in support of motion for preliminary injunction. | 2.7 |
| J. Cuttino | April 7, 2016 | Revise reply in support of motion for preliminary injunction. | 0.5 |
| J. Cuttino | April 13, 2016 | Develop strategy for preliminary injunction hearing. | 0.5 |

| Time Keeper | Date | Billing Description | Hours |
|---|---|---|---|
| J. Cuttino | April 22 2016 | Prepare for preliminary injunction hearing. | 0.7 |
| W. Delany | April 26, 2016 | Prepare for preliminary injunction hearing. | 0.5 |
| R. Rosenblatt | April 27, 2016 | Call with W. Delany to prepare for PI hearing. | 0.2 |
| W. Delany | April 27, 2016 | Prepare for preliminary injunction hearing. | 2.5 |
| W. Delany | April 28, 2016 | Prepare for hearing. | 2.5 |
| J. Cuttino | April 28, 2016 | Prepare outlines for oral argument and witness examination in preparation for motion for preliminary injunction. | 3.3 |
| W. Delany | April 29, 2016 | Prepare for and attend hearing. | 4.5 |
| J. Cuttino | April 29, 2016 | Prepare for and appear at motion for preliminary injunction. | 5.0 |

Further, Hair Club's Motion to Instruct Jury on Undisputed Facts and Findings of Law was summarily denied by this Court on September 21, 2016. The time spent on this motion should also not be included.

3. <u>Clerical Work by Paralegal</u>.

Strictly administrative or clerical tasks performed by a paralegal also cannot be recovered. *Taylor*, 2013 WL 588763 at *4. The Western District of Virginia has found that a paralegal obtaining recently filed documents and organizing case files to not be compensable work. *Sky Cable, L.L.C. v. Coley*, Docket No. 5:1-cv-48, *10 (W.D. Va. August 15, 2014).

Similar to the work performed by the paralegal in *Sky Cable*, the following tasks performed by Mr. von Thielen appear to be merely obtaining and organizing recent case filings:

| Date | Billing Description | Hours |
|---|---|---|
| April 1, 2016 | Analyze court's first scheduling order and attachments received from court via ECF filing system. | 0.2 |
| April 5, 2016 | Analyze defendants' response to plaintiff's motion for expedited discovery received from court via ECF filing system. | 0.1 |
| April 8, 2016 | Analyze order granting plaintiff's motion for expedited discovery received from court via ECF filing system. | 0.3 |
| April 18, 2016 | Analyze parties' joint 26(f) report planning meeting received from court via ECF filing system. | 0.2 |

| Date | Billing Description | Hours |
|---|---|---|
| April 21, 2016 | Analyze order denying defendants' motion for reconsideration. | 0.2 |
| April 21, 2016 | Analyze defendants' reply in support of motion for reconsideration received from court via ECF filing system. | 0.2 |
| May 10, 2016 | Analyze order denying defendants' motion for preliminary injunction. | 0.2 |
| June 9, 2016 | Analyze plaintiff's reply in support of motion to compel received from court via ECF filing system. | 0.2 |
| June 13, 2016 | Analyze order granting in part plaintiff's motion to compel received from court via ECF filing system. | 0.2 |
| June 14, 2016 | Analyze order granting plaintiff's motion to extend expert disclosure deadlines received from court via ECF filing system. | 0.2 |
| September 1, 2016 | Analyze defendants' motion for leave to bring electronic devises to trial with supporting documents received from court via ECF filing system. | 0.2 |
| September 1, 2016 | Analyze defendants' motion to strike plaintiff's rule 26 disclosure received from court via ECF filing system. | 0.3 |

**4.** <u>Paralegal Work Performed by Attorneys</u>.

Paralegals are vital in reducing the overall cost of litigation. *Sky Cable*, August 15, 2014 Order at *9. Therefore, paralegals should be effectively utilized in order to avoid having attorneys bill for things that can be competently handled by a non-lawyer. *Id*. at *11. These types of tasks can include organizing and preparing exhibits for trial.

On July 18, 2016, Mr. Malson, a third year associate, billed 1.5 hours to prepare exhibits for the pre-trial conference. Pl. Memo, Ex. A, *30. Once these exhibits had been organized and outlined on Hair Club's Rule 26(a)(3) Exhibit Disclosure, for which Mr. Malson had already billed 4.4 hours to prepare, the organization and labeling of these documents with exhibit stamps should have been handled solely by a paralegal. This time should not be counted towards Hair Club's reasonable number of hours expended.

On August 5, 2016, Mr. Malson "prepare[d] exhibits for filing in support of motion for summary judgment" and "assist[ed] with tasks as required for filing of summary judgment motion

and related documents." Pl. Memo, Ex. A, *35. On August 8, 2016, Mr. Malson "prepare[d] hard copies of documents filed under seal for court and Defendants." *Id*. On September 15, 2016, Mr. Malson spent 2.5 hours preparing exhibits for trial and then another 2.9 hours the following day for the same task. Pl. Memo, Ex. A, *43. Each of these entries reflect work that could have been handled just as effectively by a paralegal. This time should also not be recovered.

**5.** <u>Travel Time is not Compensated at the Full Hourly Rate</u>.

Travel time by attorneys and paralegals, while recoverable, is not compensated at the full hourly rate. *Project Vote/Voting for America, Inc. v. Long*, 887 F.Supp.2d 704, 716 (E.D. Va. 2012).

On March 4, 2016, both Mr. von Thielen and Ms. Cuttino attended the filing of the initial complaint with this Court. Pl. Memo, Ex. A, *12. Both billed for their travel time at their full hourly rates. *Id*. This work is also duplicative; both an attorney and paralegal were not necessary for this task. *Project Vote*, 887 F.Supp.2d at 713.

On April 8, 2016, Ms. Cuttino billed 2.0 hours to attend the hearing on Hair Club's expedited discovery motion. Pl. Memo, Ex. A, *17. However, this motion only took sixteen minutes to argue. Minutes Entry, D.E. 32. While undersigned counsel and Ms. Cuttino did discuss the status of the case and other matters after the motion hearing, this did not result in a charge of two hours for this hearing.

On April 29, 2016, the parties appeared at 10:00 AM before this Court for argument on Hair Club's Motion for Preliminary Injunction. Argument on this motion concluded at 12:27 PM. Minutes Entry, [D.E. 43]. However, Ms. Cuttino and Mr. Delany billed 5.0 and 4.5 hours, respectively, for preparation and attendance at this hearing. Pl. Memo, Ex. A, *18-19. While "preparation" was included in this time entry, both also billed 3.3 and 2.5 hours, respectively, the

previous day preparing for that hearing. *Id*. Therefore, it is logical to assume that these entries on April 29, 2016 include travel time as well.

Similar issues with the inclusion of travel time are also found at both counsels' attendance at the pre-trial conference on July 21, 2016. The parties appeared at this Court at 10:00 AM and then concluded this conference at 10:39 AM. Minutes Entry, [D.E. 71]. However, Mr. Delany billed 2.5 hours for this conference while Ms. Cuttino billed 1.5 hours. Pl. Memo, Ex. A, *31.

On August 26, 2016, Mr. Delany billed 5.0 hours for preparation and attendance at the parties' summary judgment motion hearings. Pl. Memo, Ex. A, *38. The parties were scheduled to appear before this Court at 10:00 AM and then concluded their arguments at 11:51 AM. While some preparation by Mr. Delany before this hearing is reasonble, Mr. Delany had already invoiced 5.5 hours the day before to prepare for his upcoming oral argument. Therefore, this entry most likely also includes travel time.

Finally, from September 21, 2016 to September 23, 2016, each of Hair Club's attorneys and other legal professionals billed different amounts for attendance at trial while Mr. von Thielen separately billed his travel and trial time. These entries should also be properly reduced due to their likely inclusion of travel time. Finally, the accuracy of these time entries should also be scrutinized. *See Salim*, 2016 WL 2930943 at *10 (Court questioned accuracy of time sheets when time spent on the same meeting or conference was not consistent).

**6.** Excessive Time Spent on Tasks.

The key for recovery of attorney fees is that they are reasonable. Therefore, if more time than is necessary is spent on a task, it cannot be recovered. *See Salim*, 2016 WL 2930943 at *12.

On March 25, 2016, Hair Club filed its Motion for Expedited Discovery. D.E. 77. The memorandum for this motion was four pages. However, Hair Club's attorneys billed 7.2 hours for

this task as listed below. Proper billing judgment was not exercised for such a simple, straightforward motion as this one.

| Time Keeper | Date | Billing Description | Hours |
|---|---|---|---|
| R. Ladeau | February 23, 2016 | Review and revise the motion for expedited discovery. | 0.3 |
| A. Malson | February 23, 2016 | Research re: standard for expedited discovery requests. | 0.7 |
| A. Malson | February 23, 2016 | Draft motion and proposed order for expedited discovery. | 0.8 |
| A. Malson | February 23, 2016 | Draft and revise memorandum in support of motion for expedited discovery. | 2.8 |
| A. Malson | February 29, 2016 | Revise memorandum in support of motion for expedited discovery. | 0.4 |
| J. Cuttino | March 7, 2016 | Revise motion for expedited discovery. | 1.5 |
| A. Malson | March 10, 2016 | Prepare motion for expedited discovery, memorandum in support of motion, proposed order, and discovery request for filing. | 0.7 |

On March 25, 2016, Ms. Cuttino spent an hour to supervise the filing of the motion for expedited discovery. Pl. Memo, Ex. A, *14. An hour seems excessive merely to ensure that the motion was timely filed. A similar charge was recorded on May 6, 2016 to ensure that the Motion for Leave to File An Amended Complaint was properly filed. *Id.* at *21.

The Defendants filed their response to Hair Club's Motion for Leave to File An Amended Complaint on May 12, 2016. Defs. Resp., D.E. 52. This response was a single paragraph stating that the Defendants did not oppose Hair Club's request. *Id*. That same day, both Ms. Cuttino and Mr. von Thielen billed Hair Club twelve minutes each to review this paragraph. Pl. Memo, Ex. A, *22.

On August 3, August 4, and August 5, Ms. Cuttino spent 8.5 hours combined reviewing Ms. Ehson's deposition transcript. Pl. Memo, Ex. A, *34-35. While it is conceded that review of the transcript was necessary to prepare Hair Club's statement of the facts for its summary judgment

motion, this time appears excessive especially when separate billings are included for preparation of the statement of the facts. *Id.*

Finally, Mr. Malson spent extensive time researching the applicable law for Hair Club's opposition to the Defendants' motion for summary judgment. Pl. Memo, Ex. A, *36. Much of this research overlaps with that performed for the preliminary injunction memorandum and Plaintiff's summary judgment motion. Therefore, this time should also be reduced slightly to account for this duplication.

### D. Adjustment of Lodestar Figure.

The lodestar figure calculated above merely reflects the reasonable fees Hair Club incurred in litigating its entire case. This figure must still be adjusted to reflect the time recoverable by Hair Club for enforcement of its non-compete provision as well as account for the *Johnsen/Barber* factors.

Calculation of attorney fees is not an exact science. *Vuyyuru v. Jadhav*, Docket No. 3:06-cv-180, 2007 WL 2471087, *3 (E.D. Va. August 27, 2007). Rewarding a percentage of the total attorney fees incurred has been undertaken by this Court before. *See Vuyyuru,* 2007 WL 2471087 at *3 (Rewarding fifty percent of the fees incurred in the litigation of unsuccessful state law claims); *see also Route Triple Seven*, 127 F.Supp.3d at 621-622 (Discussion on percentage reductions of fee awards).

Hair Club had four successful claims that were decided by the jury. Therefore, awarding twenty-five to thirty percent of the lodestar figure will properly compensate Hair Club for the time and effort it took to litigate its breach of contract claim. Under the *Johnsen/Barber* factors, this percentage recognizes the overall success Hair Club enjoyed in this matter as a whole as well as the skill required to properly perform the legal services rendered.

Such a percentage will also include the time incurred in litigating the non-solicitation clause, which was found unenforceable at the summary judgment stage but is a closely interrelated to the non-competition claim, as well as Hair Club's counsel's efforts on the injunction memorandum and this fee peition. *Bradford*, 859 F.Supp.2d at 793. Finally, whether Ms. Ehson was in violation of her non-compete was not contested. Stmt. Stip. Facts [D.E. 70], ¶¶ 9, 10. This was admitted to by the Defendants before the preliminary injunction hearing. Rewarding such a percentage will provide some recovery to Hair Club for much of the subsequent litigation and discovery in this case, including the deposition of Ms. Ehson, which was only relevant to the determination of the damages that occurred by Ms. Ehson's breach.

Awarding twenty-five to thirty percent of the lodestar figure is an appropriate method to compensate Hair Club for its recoverable attorney fees.

### III. HAIR CLUB'S IS SEEKING TO RECOVER MORE THAN ITS ENTITLED TO FOR COSTS.

A prevailing party is also entitled to recover its costs incurred in the litigation matter. Fed. R. Civ. P. 54(d)(1). A court may tax the following costs: (1) fees of the clerk of court and marshal; (2) court-reporter fees for all or any part of stenographic transcripts "necessarily obtained for use" in the case; (3) fees for printing and witnesses; (4) fees for exemplification and copies of papers "necessarily obtained for use" in the case; (5) docket fees; and, (6) compensation for court appointed experts. 28 U.S.C. § 1920.

Hair Club is seeking its clerk fees, Delany Aff. [D.E. 160-1], ¶ 22; service fees, *Id*. at ¶ 23; deposition and transcript costs, *Id*. at ¶¶ 24-25; courier costs *Id*. at ¶ 26; and copying costs, *Id*. at ¶ 27.

Hair Club is entitled by statute to collect its filing fees collected by the clerk. 28 U.S.C. § 1920(1). Deposition costs for transcripts used at trial are also recoverable under statute. 28 U.S.C.

§ 1920(2). The $66.55 cost for obtaining the transcript of the parties' April 8, 2016 hearing is not contested. However, the cost of Ms. Ehson's deposition should be limited just to $1,121.25. This is the cost of the portion of the transcript used to impeach Ms. Ehson at trial. *See* Ex. H, [D.E. 160-9]. The remainder of these fees are for a rough draft of the deposition transcript, exhibits, and shipping and handling. *Id*. These are costs that should be borne by Hair Club as these aspects were not "necessarily obtained for use in the case." 28 U.S.C. § 1920(2).

The costs of copies necessarily obtained for use in the case may also be recovered. "Photocopy charges are properly taxable only to the extent that the copies were used as court exhibits or were furnished to the court or opposing counsel. The party seeking recovery of photocopying costs bears the burden of demonstrating the reasons for each copying charge." *Taylor v. Republic Services, Inc.*, Docket No. 1:12-cv-523, 2014 WL 325169, *12 (E.D. Va. January 29, 2014) (internal citations and quotation marks omitted). Hair Club has provided only the total cost for copying. *See* Ex. K [D.E. 160-12]. No breakdown of what was copied, how much was copied, and who these copies were for or sent to has been included. Based solely on this Exhibit K, Hair Club has not met its burden of proving that these copying costs were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Therefore, the recovery of these copying costs should not be allowed until and unless Hair Club meets its burden of proof on this matter.

Recovery of service fees has not been specifically set forth Section 1920. Because this service was not conducted by the United States Marshal Service, *see* Ex. G [D.E. 160-8], these costs should not be recovered. Further, these service fees include "rush service." *Id*. Hair Club has not provided any explanation for why rush service was necessary in this action. Courier costs are also not recoverable under Section 1920. Both of these costs are not even recoverable under the

parties agreement as it states that Hair Club may only recover its "court costs". Compl. [D.E. 1], Ex. 1, § 3(g). These court costs should be limited to what is provided by statute.

Based on the clear language of Section 1920, Hair Club may only recover its clerk fees, a portion of its deposition transcript costs, and possibly its copying costs.

WHEREFORE, based on the foregoing, the Defendants respectfully request that this Court:

**A.**     Award Hair Club twenty-five to thirty percentage of the lodestar figure as its reasonable attorney fees;

**B.**     Pursuant to 28 U.S.C. § 1920, award Hair Club its costs for the clerk fees, portion of the deposition transcript costs, and possibly its copying costs; and

**C.**     Grant the Defendants such other and further relief as this Court deems appropriate.

Date: January 12, 2017

Respectfully Submitted,<br>
Lailuma Ehson<br>
Illusion Day Spa, L.L.C.<br>
By Counsel

/s/ Kaamil Khan
**Mr. Kaamil Mushtaq Khan**
Virginia State Bar No. 85194
K.M. KHAN LAW, P.C.
8201 Greensboro Drive
Suite 300
McLean, Virginia 22102
(703) 288-5270 (office)
(571) 758-5405 (facsimile)
*kaamil@kmkhan.com*
Counsel for Defendants

**CERTIFICATION**

I hereby certify that on January 12, 2017, I electronically filed the foregoing document with the United States District Court for the Eastern District of Virginia (Alexandria Division) by using the CM/ECF system. I certify that the following counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

**Ms. Jocelyn R. Cuttino**
**Mr. William J. Delany**
MORGAN, LEWIS & BOCKIUS, L.L.P.
1111 Pennsylvania Avenue, N.W.
Washington, D.C 20004
(202) 739-3000 (office)
(703) 739-3001 (facsimile)
*jocelyn.cuttino@morganlewis.com*
*William.Delany@morganlewis.com*
Counsel for Plaintiff


/s/ Kaamil Khan_____
**Mr. Kaamil Mushtaq Khan**