UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **HAIR CLUB FOR MEN, LLC,**<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**LAILUMA EHSON and ILLUSION DAY SPA, LLC,**<br><br>　　　　Defendants. | Civil Action No. 1:16-CV-236 LOG/JFA |

**PLAINTIFF'S MOTION TO FILE PORTIONS OF THE TRIAL TRANSCRIPT UNDER SEAL**

Pursuant to Local Rules 5(C) and 5(H), Plaintiff Hair Club for Men, LLC, by and through its counsel, respectfully moves this Court to direct the Clerk and/or Court Reporter to file redacted versions of: 1) the Trial Transcript from September 21, 2016 in this matter, *see* Dkt. 171; 2) the Trial Transcript from September 22, 2016 in this matter, *see* Dkt. 172; and 3) the Trial Transcript from September 23, 2016 in this matter, *see* Dkt. 173.  Plaintiff further respectfully moves this Court for entry of the proposed order attached herein. In further support of its Motion, Plaintiff states as follows:

**I.　　LEGAL STANDARD**

A party can request leave of this Court to file a document under seal along with the proposed sealed or redacted filings.  Loc. R. Civ. Proc. 5(C).  This includes trial transcripts upon a showing of necessity.  Loc. R. Civ. Proc. 5(H).  Prior to sealing any court records, the Court must (1) give the public notice of the request to seal; (2) allow interested parties a reasonable opportunity to object or respond; (3) consider less drastic alternatives to sealing; and, (4) provide

DB1/ 92615148.1

specific reasons and factual findings supporting its decision to seal and for rejecting the alternatives. *Ashcraft v. Conoco, Inc.*, 281 F.3d 282, 288 (4th Cir. 2000).

## II.   PROPOSED REDACTED FILINGS

Plaintiff requests that the Court direct the Clerk and/or Court Reporter to file redacted versions of the following trial transcript that would otherwise be made remotely electronically available to the public without redaction on September 5, 2017 via the Court's Case Management/Electronic Case Files (CM/ECF) system:

- The Trial Transcript of a jury trial held on September 21, 2016 before Judge Liam O'Grady, specifically portions of pages 133, 142, 146-53, 156-57, 160, 162, and 180-81 (attached as Exhibit A);

- The Trial Transcript of a jury trial held on September 22, 2016 before Judge Liam O'Grady, specifically portions of pages 219-20, 222, 232-38, 240-41, 257-58, 261-62, 265-66, 285-87, 290-91, 294, 297-99, 315-21, 323-24, 352, 374-75, 386, 391-94, 401, 407, 409, 411-15, and 417-22 (attached as Exhibit B); and

- The Trial Transcript of a jury trial held on September 23, 2016 before Judge Liam O'Grady, specifically portions of pages 445-46, 481, 492, 495-96, 501-02, and 507-08 (attached as Exhibit C).

## III.   ARGUMENT

### A.   Redaction Is Necessary Because Portions of the Trial Transcript Contain Hair Club's Trade Secrets and Confidential Business Information.

This Court has instructed that a document may be sealed from public view when it contains confidential business information, sensitive pricing information, or trade secrets. *See GTSI Corp. v. Wildflower Int'l, Inc.*, No. 1:09-cv-123, 2009 WL 1248114, at *8-*9 (E.D. Va. April 30, 2009). The portions of the trial transcript that Hair Club has identified fall within these

requirements and require redaction because they contain reference to and discussion of Hair Club's trade secrets as well as its confidential and proprietary business information.

First, the jury in this case found that Hair Club's client information and book of business, hair replacement techniques and strategies, and pricing information constitute trade secrets and that those trade secrets were misappropriated by Defendants. *See* Dkts. 143 at 33; 144 at 1. The Virginia Code specifically requires courts to employ "reasonable means" to "preserve the secrecy of a[] trade secret" in actions like this one brought pursuant to the Virginia Uniform Trade Secrets Act (the Act). Va. Code § 59.1-339. Moreover, the Act specifically instructs that "sealing the records of the action" containing trade secrets is one method by which trade secrets may be preserved. *Id.* Indeed, sealing documents that contain trade secrets is both necessary and appropriate because trade secrets derive their value from the fact that they are not generally known to the public. *Id.* § 59.1-336. As such, those portions of the trial transcript discussing Hair Club's trade secrets—including testimony discussing the contents of Hair Club's Technical Manual as well as Hair Club-specific procedures for hair selection, specification, placement, and other methods and techniques—should be redacted.

Furthermore, certain portions of the trial transcript, particularly testimony offered by Hair Club's expert witness, contain references to Hair Club's proprietary business information, such as Hair Club's dollar amount spent and revenue generated per client, monthly service fees that are charged to clients, client retention rates, and the life expectancy of client contracts. The Fourth Circuit has instructed that the sealing of court records is permissible in order to prevent others from "unfairly gaining a business advantage" from materials filed with the court. *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984); *see also Intelligent Verification Sys., LLC v. Microsoft Corp.*, No. 2:12-CV-525, 2014 WL 12659870, at *1 (E.D. Va. Oct. 2, 2014) (granting motion to seal and instructing that "district courts may refuse to permit their files to serve as

sources of business information that might harm a litigant's competitive standing" and that "a corporate entity's property interest in trade secret information may suffice to override the presumption of public access to court records"). Hair Club derives value from its ability to maintain the confidentiality of this information, as this information is not publicly known. Disclosure and publication of Hair Club's confidential and proprietary business information would harm Hair Club competitively in the marketplace by providing its competitors with access to sensitive business and financial information. Indeed, in their testimony, Ms. Rohrbaugh and Mr. Sariol detailed the great lengths to which Hair Club goes to maintain the secrecy of its trade secrets and confidential business information. *See* Trial Tr. at 161:10-16, 162:23-63:19, 164:1-65:15, 168:6-69:12, 170:21-71:22, 176:21-77:3, 351:17-24, 353:4-54:20. Thus, the portions of the trial transcript describing this information should be redacted.

Finally, in addition to the entry of a protective order covering trade secrets and confidential business information (*see* Dkt. 31), the Court has previously sealed and redacted documents containing references to the very same information—Hair Club's trade secrets and confidential and proprietary business information—on two separate occasions. *See* Dkts. 97, 102. Accordingly, the filing of a redacted trial transcript is justified in this case.

**B.    Hair Club Provided the Public Notice and the Opportunity to Respond to Its Request.**

The Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Hair Club has filed a Notice of Filing a Motion to Seal accompanying this motion providing interested persons with such an opportunity. Therefore, these elements have been met.

**C.    There Are No Alternatives to the Requested Redactions.**

There are no alternatives to Hair Club's request to redact the identified pages of the trial transcript, as they contain Hair Club's trade secrets and confidential and proprietary business

information. However, instead of seeking to seal the entire transcript, Hair Club has redacted only those portions of the transcript which contain reference to Hair Club's trade secrets and confidential business information. *See United States ex. rel. Carter v. Halliburton*, No. 1:11-cv-602, 2011 WL 8204612, at *3 (E.D. Va. November 29, 2011) (permitting redaction of certain portions of a document where the document did not warrant sealing "*in toto*"). The remainder of the trial transcript would remain accessible to the public. Therefore, redacting portions of the trial transcript that Hair Club has identified is proper in this case.

### D. The Trial Transcript Should Be Permanently Redacted.

The identified pages of the trial transcript contain Hair Club's trade secrets and confidential business information. As a result, these pages should be redacted permanently.

WHEREFORE, based on the foregoing, Plaintiff respectfully requests that the Court grant Plaintiff's request and direct the Clerk and/or Court Reporter to file:

    A.    A redacted version of the Trial Transcript of a jury trial held on September 21, 2016 before Judge Liam O'Grady;

    B.    A redacted version of the Trial Transcript of a jury trial held on September 22, 2016 before Judge Liam O'Grady;

    C.    A redacted version of the Trial Transcript of a jury trial held on September 23, 2016 before Judge Liam O'Grady; and

    D.    Pursuant to Local Rule of Civil Procedure 5(C)(4), redact these items permanently.

Dated:  June 29, 2017 MORGAN, LEWIS & BOCKIUS LLP

/s/ Jocelyn R. Cuttino
William J. Delany (admitted *pro hac vice*)
Jocelyn R. Cuttino (VA Bar No. 81379)
1111 Pennsylvania Avenue NW
Washington, DC 20004
Tel:  202.739.3000
Fax:  202.739.3001
jocelyn.cuttino@morganlewis.com
william.delany@morganlewis.com

*Attorneys for Plaintiff Hair Club for Men, LLC*

## **CERTIFICATE OF SERVICE**

I certify that on June 29, 2017, the foregoing document was served via the Court's CM/ECF system on:

>Kaamil Mushtaq Khan
>K.M. KHAN LAW, P.C.
>8201 Greensboro Drive
>Suite 300
>McLean, Virginia 22102
>(703) 288-5270 (office)
>(571) 758-5405 (facsimile)
>kaamil@kmkhan.com
>
>*Counsel for Defendants*

/s/ Jocelyn R. Cuttino